BAYN v DEPARTMENT OF NATURAL RESOURCES

Docket No. 138952. Submitted May 7, 1993, at Lansing. Decided July 23, 1993; approved for publication October 12, 1993, at 9:00 A.M.

Gail A. Bayn brought an action in the Court of Claims against the Department of Natural Resources, seeking damages for injuries sustained when she slipped and fell on the wet floor of the campground registration office of the Sterling State Park. The defendant filed a motion for summary disposition, alleging that the claim was barred by governmental immunity, that there was no genuine issue of material fact because the floor was not dangerous or defective, that the floor had never been waxed, and that the defendant did not have actual or constructive knowledge of any alleged defect in the floor. The court, Lawrence M. Glazer, J., granted the motion. The plaintiff moved for rehearing or reconsideration on the grounds that she had not been given an opportunity to conduct discovery and that floor mats should have been present as a safety device. The plaintiff submitted affidavits of her attorney, who stated that defendant's counsel had refused a request for adjournment and permission to depose several of the defendant's employees and other witnesses, and of an architect, who stated that he needed to view the site of the accident to evaluate the condition of the floor and the type of substance used to clean it. The court denied the motion. The plaintiff appealed.

The Court of Appeals *held:*

1. The defendant's motion for summary disposition was granted prematurely. It was not reasonable to expect the plaintiff to gather sufficient facts to withstand a motion for summary disposition within the time between the filing of the complaint and the granting of the motion. This is not a case where it can be said that it was impossible for the claim to be supported at trial because of an insurmountable deficiency.

2. The affidavit of the architect should have forestalled a decision with regard to the defendant's motion until the archi-

REFERENCES

Am Jur 2d, Summary Judgment § 21 et seq.; Municipal, County, School, and State Tort Liability, §§ 33, 299, 304.

See ALR Index under Governmental Immunity or Privilege; Governmental Liability; Summary Judgment.

tect viewed the site to evaluate the structural condition of the floor so as to determine whether the plaintiff's injury resulted from a dangerous or defective condition of the building itself. The plaintiff stands a fair chance of uncovering factual support for her position so as to establish a case for trial.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — DISCOVERY.

The granting of a motion for summary disposition before discovery regarding a disputed issue is complete generally is considered to be premature; summary disposition may be proper before discovery is complete where further discovery does not stand a fair chance of uncovering factual support for the position of the party opposing the motion (MCR 2.116[C][7],[10]).

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION.

The public building exception to governmental immunity is to be narrowly construed to apply to injuries related to the permanent structure or physical integrity of the building itself; the duty to repair and maintain relates to the structural condition of the premises; a government engaged in a governmental function is open to liability under the exception only where the injury results from a dangerous or defective condition of a building (MCL 691.1406; MSA 3.996[106]).

3. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — NEGLIGENT JANITORIAL CARE.

The public building exception to governmental immunity does not encompass claims of negligent janitorial care; a spill on the floor or a similar transitory condition, such as the type of substance used to clean the floor or whether floor mats are used, does not become part of the building itself by virtue of the risk of injury it may create (MCL 691.1406; MSA 3.996[106]).

*Law Offices of Peter B. Bundarin* (by *Peter B. Bundarin*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stewart H. Freeman*, Assistant In Charge, and *Frank J. Monticello*, Assistant Attorney General, for the defendant.

Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.

Per Curiam. Plaintiff appeals as of right from an order of the Court of Claims granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). We reverse and remand for additional proceedings.

On November 16, 1990, plaintiff filed a complaint against defendant, alleging that she suffered injuries in a slip and fall accident on June 22, 1990, at the campground registration office of the Sterling State Park operated by defendant. In her complaint, plaintiff alleged that defendant's negligence in maintaining the floor of the building in a safe condition was the proximate cause of her injuries. Specifically, plaintiff alleged in part:

> 7. It had previously rained outside and the tiled floor inside the office had a high accumulation of wax. This, in combination with the wet weather conditions, created a severe, highly dangerous condition of which Defendant was aware, or should have been aware, and caused Plaintiff to slip and fall.
>
> 8. Further, there were no rubber mats on the floor to protect against this type of occurrence.
>
> 9. At all times relevant hereto, said Defendant knew, or should have known, that the aforementioned acts and results constituted creation of and maintenance of an unreasonable hazard.

On December 21, 1990, defendant moved for summary disposition pursuant to MCR 2.116(C)(7) on the ground that plaintiff's claim was barred by governmental immunity, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, as well as pursuant to MCR 2.116(C)(10) on the ground that there was no genuine issue of material fact because the campground registration office floor was not dangerous or defective, because it had never been waxed and because defendant did not have actual or construc-

tive knowledge of any alleged defect in the floor. In support of the motion, defendant submitted an affidavit of Steve Harmon, who had been the park manager of the Sterling State Park for the previous seven years.

Sometime before the hearing for the motion for summary disposition scheduled for January 30, 1991, plaintiff's counsel requested an adjournment, and the hearing was rescheduled for February 6, 1991. Shortly before February 6, 1991, plaintiff's counsel again requested an adjournment, but defendant's counsel refused his request.

At the hearing on February 6, 1991, plaintiff argued that defendant brought its motion for summary disposition before discovery had been completed in this case, and that it was premature to say whether there was a genuine issue of material fact solely on the basis of the affidavit of the park manager. The trial court disagreed, noting that if plaintiff had been denied discovery, then she should have requested a postponement of the hearing, which plaintiff did not do. In an order dated February 22, 1991, the trial court granted defendant's motion for summary disposition.

Plaintiff moved for rehearing and reconsideration on the grounds that she had not been given an opportunity to conduct discovery and that floor mats should have been present as a safety device. In support of this motion, plaintiff submitted an affidavit of her attorney, who stated that defendant's counsel refused his second request for adjournment and also refused permission to depose several of defendant's employees and other individuals who had witnessed the accident. Plaintiff also submitted an affidavit of Mitchell Alfaro, a licensed architect, who stated that the principal entranceway of a building should be designed to maximize safety features. Alfaro also stated that

he needed to view the site to evaluate the condition of the floor and the type of substance used to clean the floor.

In response to plaintiff's motion for reconsideration, defendant argued that plaintiff was not denied an opportunity to conduct discovery because the accident occurred in a public building that remains open all year. Moreover, defendant argued that plaintiff could not establish that defendant had knowledge of any alleged defect in the floor. Defendant submitted an affidavit of defense counsel, who stated that he refused opposing counsel's request for adjournment because an expert could not satisfy plaintiff's burden of showing that defendant had knowledge of any alleged defect. Defendant's counsel also stated in his affidavit that he did not indicate to plaintiff's counsel that he could not view the floor or take depositions of department employees.

In an order dated March 8, 1991, the trial court denied plaintiff's motion for reconsideration, finding that plaintiff had failed to rebut defendant's affidavit that defendant had no notice of the alleged defect or to show that discovery could lead to the creation of a genuine issue of material fact regarding such notice.

Generally, the granting of a motion for summary disposition before discovery on a disputed issue is complete is considered premature. *Prysak v R L Polk Co,* 193 Mich App 1, 11; 483 NW2d 629 (1992). Summary disposition may be proper before discovery is complete if further discovery does not stand a fair chance of uncovering factual support for the position of the party opposing the motion. *Id.*

In the instant case, we believe that defendant's motion for summary disposition was granted prematurely because it was not reasonable to expect

plaintiff to gather sufficient facts to withstand a motion for summary disposition within the compressed time frame allotted in this case between the filing of the complaint and the granting of the motion for summary disposition. This is not a case where it could be said that it was impossible for the claim to be supported at trial because of an insurmountable deficiency.

Although not set forth in plaintiff's complaint, plaintiff asserts in her appellate brief that "[t]he entrance way was not designed to prevent water from accumulating directly on the surface of the floor or constructed with material so as to provide friction so that one would not slip on the smooth tile surface when it was wet." Plaintiff's request in the trial court for additional time may also be viewed as a request to have the architect determine whether there was a defect in the design or construction of the entrance to the building.

In *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992), the Court, addressing the public building exception to governmental immunity under MCL 691.1406; MSA 3.996(106), cited *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988), to support the following statement:

> The duty to repair and maintain relates to the structural condition of the premises, and a government engaged in a governmental function is open to liability only where the injury results from a dangerous or defective condition *of* a building. [*Wade,* p 163.]

In *Wade,* p 168, the Court, again citing *Reardon,* further stated that the public building exception to governmental immunity under MCL 691.1406; MSA 3.996(106) is to be narrowly construed and that that statute applies to injuries related to the

"permanent structure or physical integrity of the building." In affirming the lower court's finding that an accumulation of grease, oil, food, and water on the floor of a public building did not amount to a defect of the building itself, the Court concluded:

> [T]he public building exception . . . does not encompass claims of negligent janitorial care. A spill on the floor does not become part of the building itself by virtue of the risk of injury it may create for the plaintiff. Moreover, we do not believe the Legislature intended "dangerous or defective condition of a public building" to refer to such transitory conditions. [*Wade,* p 170.]

Here, the affidavit of plaintiff's expert, Mitchell Alfaro, should have forestalled a decision on defendant's motion until Alfaro viewed the site to evaluate the structural condition of the floor so as to determine whether plaintiff's injury resulted from a dangerous or defective condition *of* the building itself, i.e., whether a dangerous or defective design or construction of the entranceway of the building allowed water to accumulate on the surface of the floor or whether the floor was constructed of material so that one would not slip when it was wet. Thus, we are not persuaded that the instant case presents a situation where plaintiff does not stand a fair chance of uncovering factual support for her position so as to establish a case for trial.

Accordingly, we reverse the order of the trial court granting summary disposition in favor of defendant and remand for a rehearing with regard to the motion for summary disposition. The trial court is instructed to rule on the motion for reconsideration once plaintiff has submitted an affidavit of Mitchell Alfaro or another expert after a struc-

tural inspection of the floor to determine whether plaintiff's injury resulted from a dangerous or defective condition *of* the building itself, but not from any transitory conditions or ordinary daily maintenance, such as the type of substance used to clean the floor or whether floor mats were placed at the entrance. *Wade, supra,* p 163. Plaintiff may also submit any deposition testimony of department employees or other individuals who may have witnessed the accident. Whether amendments of the pleadings will then be required is a matter we do not address. We do not retain jurisdiction.

Reversed and remanded.