RICHARD v SCHNEIDERMAN & SHERMAN, PC (ON REMAND)

Docket No. 297353. Submitted May 24, 2012, at Lansing. Decided July 3, 2012, at 9:20 a.m.

Aaron Richard brought an action in the Wayne Circuit Court against Schneiderman & Sherman, P.C., GMAC Mortgage, and Mortgage Electronic Registration Systems, Inc. (MERS). Plaintiff had purchased real property, obtaining financing in part through a $50,000 loan from Homecomings Financial Network, Inc. The loan was simultaneously secured by a mortgage with MERS as the nominee of Homecomings. Schneiderman, acting as GMAC's agent, notified plaintiff that his mortgage was in default and informed him of his rights. MERS subsequently began nonjudicial foreclosure by advertisement under MCL 600.3201 *et seq.* and purchased the property at the subsequent sheriff's sale. Plaintiff's suit was brought during the redemption period and challenged the sheriff's sale on numerous grounds. Defendants moved for summary disposition, which the court, Michael F. Sapala, J., granted. Plaintiff appealed. The Court of Appeals, BORRELLO, P.J., and METER and SHAPIRO, JJ., reversed, vacated the foreclosure proceeding, and remanded for further proceedings. 294 Mich App 37 (2011). In lieu of granting defendants' application for leave to appeal, the Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Residential Funding Co, LLC, v Saurman*, 490 Mich 909 (2011). 490 Mich 1001 (2012).

On remand, the Court of Appeals *held*:

1. In *Saurman*, the Supreme Court held that MERS, as recordholder of the mortgage, owned a security lien on the property at issue in that case, which authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d). Because the relationships between MERS, Homecomings, and the borrowers in both this case and *Saurman* were, for pertinent purposes, identical, *Saurman* required a holding that MERS was authorized to foreclose by advertisement in this case.

2. If the grounds asserted in support of summary disposition are based the failure to state a claim, the failure to state a defense, or the lack of a material factual dispute, the court must give the

parties an opportunity to amend their pleadings unless the evidence then before the court shows that amendment would not be justified. However, leave to amend may still be denied if amendment would be futile. In this case, plaintiff's proposed amended complaint contained claims and arguments that he had already advanced in opposition to defendants' motion for summary disposition, and defendants had already offered evidence and argument to refute plaintiff's claims. Thus, most of the contents of plaintiff's proposed amended complaint were subject to dismissal under MCR 2.116(C)(10) for the same reasons that his original complaint was subject to dismissal. To the extent that plaintiff advanced new claims in the proposed amended complaint, those claims were subject to dismissal under MCR 2.116(C)(10) because he offered no documentary evidence in support of them that would have been sufficient to challenge defendants' otherwise unrebutted evidence at trial. Accordingly, amendment would have been futile.

Affirmed.

Aaron Richard in *propria persona.*

*Schneiderman & Sherman, P.C.* (by *Andrew J. Hubbs* and *Erin R. Katz*), for defendants.

ON REMAND

Before: BORRELLO, P.J., and METER and SHAPIRO, JJ.

PER CURIAM. This case, involving a nonjudicial foreclosure by advertisement, is before us on remand from the Supreme Court, which vacated our prior opinion and remanded for reconsideration in light of *Residential Funding Co, LLC v Saurman*, 490 Mich 909 (2011). *Richard v Schneiderman & Sherman, PC*, 490 Mich 1001 (2012). We now affirm.

In both *Saurman* and this case, Homecomings Financial Network, Inc., made the underlying loan. Also in both cases, Homecomings was designated as the lender on the underlying note and as the lender, but not the mortgagee, on the mortgage. Mortgage Electronic Registration Systems, Inc. (MERS) was listed as the mort-

gagee. Because the relationships between MERS, Homecomings, and the borrowers in both cases are for pertinent purposes identical, *Saurman* requires a holding that MERS was authorized to foreclose by advertisement.

Plaintiff also argues that the trial court erred by failing to rule on his motion to amend the complaint after the court granted defendants' motion for summary disposition. Plaintiff primarily claims that a court clerk misinformed him by stating that the court would not hear the motion to amend in light of the summary disposition ruling; in reliance on the clerk's statement, plaintiff states that he failed to appear for a hearing at which the court would have addressed his motion. Significantly, plaintiff did not raise these claims of error before the trial court. He did not request a ruling on his motion to amend at the March 26, 2010, hearing on defendants' motion for summary disposition. He also failed to challenge the factual or legal correctness of the clerk's assertion that the motion would not be considered. Accordingly, plaintiff did not preserve his arguments for appeal and our review is for plain error. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 149-150; 792 NW2d 749 (2010). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Id.* at 150. In this case, even if we accept, for purposes of argument, that clear errors attributable to the court resulted in the court's failure to hear plaintiff's motion to amend the complaint, reversal is not required because plaintiff has not shown that he was prejudiced.

In his original complaint, plaintiff centrally claimed that defendants' debt collection and foreclosure proceedings against him were flawed because defendants

violated the Real Estate Settlement and Procedures Act (RESPA), 12 USC 2601 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 *et seq.* Plaintiff did not dispute that he had defaulted on his mortgage. Rather, he alleged that defendants had failed to validate his debt because they had refused to send him the original promissory note, instead of a copy of the note, associated with his loan and mortgage. But the trial court implicitly accepted, through its ruling, defendants' argument that plaintiff had failed to provide a cognizable argument or documentary evidence to support his claim that the copy was insufficient to validate the debt or to raise a genuine question regarding the authenticity of the original.[1] The trial court also accepted defendants' argument that plaintiff had failed to otherwise specify how the documents supplied to him by defendants were insufficient to satisfy RESPA and the FDCPA or how any insufficiency invalidated the foreclosure proceedings and subsequent sheriff's sale of the property. Accordingly, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10), concluding that plaintiff had failed to provide documentary evidence supporting his allegations.

Plaintiff does not challenge the trial court's ruling under MCR 2.116(C)(10). Rather, as is most significant to plaintiff's arguments on appeal, plaintiff moved to amend his complaint in order to add new claims and supply detail with regard to his original claims. He correctly observes that, pursuant to MCR 2.116(I)(5), "[i]f the grounds asserted [in support of summary

---

[1] See MRE 1003 ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.").

disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Of particular relevance here, MCR 2.118(A)(2) specifies that "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." Leave may still be denied, however, if amendment would be futile. *Decker v Rochowiak*, 287 Mich App 666, 682; 791 NW2d 507 (2010).

In this case, amendment would have been futile. Plaintiff's proposed amended complaint primarily expanded his argument that defendants violated RESPA and the FDCPA by failing to provide the original promissory note and other documents or information requested by plaintiff. But the trial court had already determined that plaintiff had failed to support these claims, and the additions to plaintiff's proposed amended complaint concerning these claims were essentially identical to the arguments he had advanced in opposition to defendants' motion for summary disposition.

To the extent plaintiff added other discernable claims not entirely dependent on the success of the RESPA and FDCPA claims, he newly asserted that defendant Schneiderman & Sherman, P.C. (Schneiderman) had violated MCL 600.3208[2] by failing to provide or post a copy of the notice of foreclosure within 15 days of the first publication of the notice in a newspaper. He also newly claimed that defendant GMAC Mortgage had

---

[2] The pertinent portion of MCL 600.3208 states, "In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice."

never sent a notice of default or of its intent to accelerate the mortgage before foreclosure. But because plaintiff raised these same issues in opposition to defendants' motion for summary disposition, defendants had already offered evidence and argument to refute them, and plaintiff did not counter defendants' offerings with contrary documentary evidence. In particular, plaintiff offered no evidence or specific argument to dispute the Affidavit of Posting provided by defendants, which states that Schneiderman posted notice of foreclosure at the property on November 6, 2009, two days after the notice of foreclosure was first published, on November 4, 2009, according to defendants' Affidavit of Publication. Plaintiff also offered no evidence or argument to dispute that GMAC sent plaintiff a notice of default, which also stated the accelerated amount of debt owed, through its clearly identified collections agent, Schneiderman; defendants had provided proof of this fact by offering a copy of the October 9, 2009, notice mailed to plaintiff by Schneiderman. Finally, the remaining claims in plaintiff's proposed amended complaint—including that defendants were unjustly enriched or liable for slander of title—were dependent on plaintiff's unsupported claims that defendants had violated RESPA and the FDCPA or had provided improper notice of the foreclosure proceedings.

In sum, most of the contents of plaintiff's proposed amended complaint were subject to dismissal under MCR 2.116(C)(10) for the same reasons his original complaint was subject to dismissal. Plaintiff's new claims were similarly subject to dismissal under this rule because he offered no documentary evidence in support of them that would have been sufficient to challenge defendants' otherwise unrebutted evidence at trial. Accordingly, amendment of the complaint would have been futile. For this reason, plaintiff was not

prejudiced by the trial court's failure to rule on his motion for leave to amend the complaint or by the alleged misinformation that plaintiff states caused him not to appear at a scheduled hearing to address his motion. Indeed, plaintiff does not even argue that he was prejudiced because the trial court likely would have *granted* his motion if he had appeared at the hearing; he simply argues that, had he not been misinformed, he would have had the *opportunity* to orally argue his motion and would have received a ruling on it.

Given that plaintiff has not shown that he was prejudiced because the *outcome* of the proceedings likely would have been different absent any error, there is no plain error justifying reversal. *Duray Development*, 288 Mich App at 150.

Affirmed.

BORRELLO, P.J., and METER and SHAPIRO, JJ., concurred.