# STATE OF MICHIGAN

# COURT OF APPEALS

A&D DEVELOPMENT, POWELL
CONSTRUCTION SERVICES, L.L.C., DICK
BEUTER d/b/a BEUTER BUILDING &
CONTRACTING, JIM'S PLUMBING &
HEATING L.L.C., f/k/a JIM'S PLUMBING &
HEATING, JEREL KONWINSKI BUILDER, and
KONWINSKI CONSTRUCTION, INC.,

UNPUBLISHED
December 23, 2014

Plaintiffs-Appellants,

v

No.  317024
Ingham Circuit Court
LC No.  10-000879-NI

MICHIGAN COMMERCIAL INSURANCE
MUTUAL and ELEANOR POWELL-YODER,

Defendants-Appellees.

Before:  K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Plaintiffs appeal as of right from an order of the trial court granting summary disposition to defendants according to MCR 2.116(C)(8) (failure to state a claim).  We affirm.

Plaintiffs are construction industry entities that participated in the Michigan Construction Industry Self-Insured Fund (MCISIF), a self-insured worker's compensation fund.  See MCL 418.611(1)(b)(2).[1]  After a vote of its membership, the MCISIF was converted to a mutual insurance company, defendant Michigan Commercial Insurance Mutual (MCIM), and the MCISIF Trust was created for continuing MCISIF worker's compensation obligations.  Defendant Eleanor Powell-Yoder was the administrator of MCISIF and became President and Chief Executive Officer of MCIM.  Plaintiffs alleged conversion, negligence, breach of fiduciary

---

[1] MCL 418.611(2) provides, in relevant part:

> Under procedures and conditions specifically determined by the director, 2 or more employers in the same industry with combined assets of $1,000,000.00 or more, or 2 or more public employers of the same type of unit, may be permitted by the director to enter into agreements to pool their liabilities under this act for the purpose of qualifying as self-insurers.

-1-

duty, violation of MCL 500.2016,[2] and fraud/misrepresentation during the conversion to MCIM. Plaintiffs asserted that they owned premiums paid to MCISIF that were in excess of the obligations of the fund, and the surplus should have been returned to them in the form of a dividend. Instead, plaintiffs alleged, defendants misappropriated the surplus to fund MCIM and the MCISIF Trust.

Plaintiffs argue on appeal that the trial court erred in granting summary disposition to defendants. A trial court's determination of a motion for summary disposition is reviewed de novo. *Kuznar v Raksha Co*, 481 Mich 169, 175; 750 NW2d 121 (2008). Summary disposition is appropriate under MCR 2.116(C)(8) where the nonmoving party has "failed to state a claim on which relief can be granted." When reviewing a motion brought under MCR 2.116(C)(8), the court considers the pleadings alone, accepts the factual allegations in the complaint as true, and construes them in a light most favorable to the nonmoving party. *Id*. at 176.

A self-insurance fund is administered by an elected board of directors for the purpose of providing "workers' compensation coverage for a group of private employers in the same industry." 1999 AC, R 408.43d. The board of trustees is responsible for all operations of the fund, including taking "all necessary precautions to safeguard the assets of the fund." 1999 AC, R 408.43i. The duties of the fund administrator include providing the board with advice regarding the premiums charged and investing the surplus of monies. 1999 AC, R 408.43i(a).[3] The administrative rules provide guidelines for investing surplus premiums. 1999 AC, R 408.43i(f), (g).

In situations where the self-insurance fund contains "surplus monies for a fund year in excess of the amount necessary to fulfill all obligations," the surplus "may be declared to be refundable by the trustees." 1999 AC, R 408.43j(2). For example, investment income from a self-insurance fund in a calendar year may be "returned to the fund membership." 1999 AC, R 408.43j(4).[4] Thus, the plain language of the administrative rules indicates that plaintiffs had some interest in the surplus of the self-insurance fund as members of the fund.

In a previous appeal, this Court concluded that "[t]he WCA's administrative rules have no bearing on the claims plaintiffs raise in this case." *A&D Dev v Mich Commercial Ins Mut*, unpublished opinion per curiam of the Court of Appeals, issued February 28, 2012 (Docket No. 301296), p 5. The Court reasoned that the administrative rules address only the discretionary return of surplus funds to fund members and are concerned primarily that self-insured funds are adequately funded. *Id*.

---

[2] MCL 500.2016 identifies practices of worker's compensation self-insurer groups that "are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance."

[3] The fund administrator may be a designated individual or trustee, or an individual hired by the board of trustees. 1999 AC, R 408.43i(a).

[4] The MCISIF bylaws contain a similar provision authorizing the board of trustees to return surplus accumulations of premiums to fund members.

Plaintiffs argue that the Court's conclusion that WCA rules do not apply to plaintiffs' claims was mere dicta and inapplicable to the current question. Defendants argue that the trial court was correct in declaring the Court's finding that WCA rules were inapplicable to the instant question was the law of the case. The law of the case doctrine provides that "an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

Issues that are assumed by a court while in the course of issuing an opinion, rather than arrived at with deliberation or analysis, are not binding precedent. *City of Riverview v Michigan*, 292 Mich App 516, 523; 808 NW2d 532 (2011). In the first appeal, the Court was focused on whether the WCA had special knowledge of plaintiffs' claims and not analyzing ownership rights over the fund. However, the Court did analyze the WCA rules as they related to plaintiffs' claims. The claims revolve around the alleged misappropriation of self-insurance funds that plaintiffs claim ownership of. Thus on remand, the trial court properly deferred to this Court's determination that the WCA rules did not address plaintiffs' claims.

Plaintiffs also argue that deposition testimony of John Schrock from a 2001 case supported the claim that they owned any MCISIF surplus. The decision whether to admit or exclude evidence is reviewed for an abuse of discretion. *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *In re Temple Marital Trust* (*After Remand*), 278 Mich App 122, 128; 748 NW2d 265 (2008).

Schrock's testimony cited by plaintiffs—that money belonged to members who had left and members would receive distributions after proceeds were in escrow for 10 years, even if no longer a member—was ambiguous. Assuming Schrock was describing the surplus premiums of a self-insured fund, it is impossible to ascertain whether his testimony at a deposition 13 years ago in a different case would be applicable to the instant facts and circumstances.

Plaintiffs assert that the trial court erred in finding Schrock's deposition testimony to be inadmissible hearsay.[5] Evidence regarding a motion for summary disposition may only be considered by the trial court "to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6). Inadmissible hearsay does not satisfy the court rule and genuine issues of material fact must be established by admissible evidence. *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991). Plaintiffs argue that the deposition was admissible as the prior statement of a witness.

MRE 801(d)(1) provides that a statement is not inadmissible hearsay in the following circumstances:

---

[5] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is not admissible except as provided by the rules of evidence. MRE 802.

The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person.

Here, none of the contingencies are applicable to Schrock's statement because he did not testify in the instant case and the statement was not offered to impeach or bolster his testimony.

Plaintiffs also argue the testimony was admissible under MRE 803(24) because it involved a material fact. However, if Schrock's statement was that self-insurance fund participants own excess premiums of the fund, then it is a statement of law and not fact. Further, according to MRE 803(24), a statement not admissible under enumerated hearsay exceptions, "'but having equivalent circumstantial guarantees of trustworthiness,'" may be admitted where the trial court determines that "'(A) the statement is offered as evidence of a material fact, (B) the statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts, and (C) the general purpose of these rules and the interests of justice will best be served by admission of the statement into evidence.'" *People v Yost*, 278 Mich App 341, 391; 749 NW2d 753 (2008), quoting MRE 803(24). Plaintiffs fail to show how the 2001 deposition testimony is material to the present circumstances.

Plaintiffs also argue that Schrock's deposition should have been admitted under MRE 804(b)(5) (deposition testimony from another proceeding) and MRE 804(b)(7) (catch-all). However, the hearsay exceptions enumerated in MRE 804(b) are only available where the witness in unavailable. There was no demonstration that Schrock was unavailable as a witness.

Further, plaintiffs argue that the trial court erred in not affording the WCA's interpretation of the statutory scheme, evidenced through the administrative rules and Schrock's testimony, respectful consideration. An administrative agency's interpretation of a statute "is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons." *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 103; 754 NW2d 259 (2008). However, as discussed and noted in this Court's previous opinion, the WCA rules do not address the issue of ownership of a self-insurance fund's premiums in excess of its obligations. Further, the trial court considered the cited portion of Schrock's deposition and properly determined that it was not relevant to the instant case. That the trial court disagreed with plaintiff's position does not mean it did not afford these sources respectful consideration.

Plaintiffs argue that caselaw also supports their standing in the case as owners of the premium surplus. In *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 267; 671 NW2d 125 (2003), the Court found that "policyholders are owners of mutual insurance companies" and are "both insureds and insurers." Plaintiffs claim that *Churella* is partially analogous to the instant circumstance because mutual insurance companies and self-insurance funds both involve policyholders sharing in profits and losses. However, there is no showing that mutual insurance companies and self-insurance funds were identical in organization, administration, or operation.

-4-

In *In re Certified Question*, 447 Mich 765, 669-670; 527 NW2d 468 (1994), the plaintiffs were policyholders that claimed ownership of the fund's surplus and were entitled to a distribution "of any surplus or profit of a potential sale of the fund by the state." These plaintiffs also argued that the principals of mutual insurance companies and the state administered accident fund were analogous because both are "subject to assessment if premiums are insufficient to pay claims." *Id*. at 791. The Court concluded that the accident fund was not a mutual insurance company and claims that analogized the accident fund policyholder's rights to those of members of a mutual insurance company were inapposite. *Id*. The Court contrasted the accident fund from a mutual insurance company, stating that accident fund policyholders had "no effective voice in the operation or management of the enterprise," other than selecting an advisory board, whereas mutual insurance company policyholders had a property interest in the surplus of the company." *In re Certified Question*, 447 Mich at 669-670. The Court also concluded that the insurance policies included no language indicating ownership or rights to a surplus and the only statutory mention of ownership or surplus distributions was the fund's executive director had the discretion to pay dividends to policyholders. *Id*. at 788-789.

In *Health Care Ass'n Workers Comp Fund v Bureau of Workers' Compensation Dir*, 265 Mich App 236, 242-245; 694 NW2d 761 (2005), the Court relied on certain statutory provisions and contract language in determining whether a statute that conditioned receipt of a dividend of surplus from self-insurance funds on continued participation with the fund was constitutional. Plaintiffs here argue that *Health Care Ass'n Workers Comp Fund* provided that members of the self-insurance fund were considered owners of the surplus premiums because members' right to a dividend was protected. However, ownership of the surplus was not discussed in the case, and the rights to dividends were derived from the members' contracts with the fund and from statute. *Id*. at 243-245.

Plaintiffs argue that a 1999 disclosure statement said that the rights of MCISIF members would not change with regard to surplus premiums and the MCISIF Trust would be set up to benefit and protect MCISIF members. However, an issue of law regarding ownership of surplus premiums of a self-insured fund is not to be determined by information provided in the disclosure statement.

Additionally, plaintiffs argue that summary disposition was premature as the discovery period had not lapsed. The purpose of discovery is to simplify and clarify the contested issues. *Hamed v Wayne Co*, 271 Mich App 106, 109; 719 NW2d 612 (2006). Generally, a motion for summary disposition is premature when discovery on a disputed issue has not been completed. *Colista v Thomas*, 241 Mich App 529, 537; 616 NW2d 249 (2000).

Defendants were free to make a motion for summary disposition at any time. MCR 2.116(B)(2).[6] Summary disposition prior to the close of discovery is appropriate if there is no reasonable chance that further discovery will produce factual support for the nonmoving party. *Colista*, 241 Mich App at 538. Plaintiffs argue that disputed material facts that were not

---

[6] "A motion under this rule may be filed at any time consistent with subrule (D) and subrule (G)(1), but the hearing on a motion brought by a party asserting a claim shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim." MCR 2.116(B)(2).

developed through depositions included the WCA and MCIM opinions regarding who owned the surplus premiums as well as what information was shared with the WCA prior to the vote to convert the MCISIF to MCIM. However, the trial court concluded as a matter of law that plaintiffs could not demonstrate ownership of surplus premiums of the MCISIF. No fact development could change this determination, and even the WCA director's opinion on a matter of law would not be applicable as this Court determined that WCA rules do not pertain to the claims raised in the present dispute. No witness could provide a statute, rule, policy, or contractual provision that provided for plaintiffs' ownership of the surplus.

Plaintiffs further argue that many issues of fact were disputed. This involves the substance of plaintiffs' claims that misrepresentations and irregularities in the conversion of the MCISIF to MCIM resulted in the misappropriation of plaintiffs' monies. However, these factual disputes are not reached because plaintiff could not demonstrate an ownership interest in the monies at issue. Because of this "insurmountable deficiency," it was impossible for plaintiffs to support their claims at trial and summary disposition was not premature. *Bayn v Dep't of Natural Resources*, 202 Mich App 66, 70-71; 507 NW2d 746 (1993).

Affirmed.

/s/ David H. Sawyer
/s/ Patrick M. Meter

-6-