# STATE OF MICHIGAN

# COURT OF APPEALS

PASTOR IDELLA WILLIAMS,

   Plaintiff-Appellant,

v

NATIONAL INTERSTATE INSURANCE
COMPANY,

   Defendant-Appellee,

and

STATE FARM CLAIMS, FARMERS
INSURANCE EXCHANGE and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

   Defendants.

UNPUBLISHED
February 2, 2016

No. 323343
Kent Circuit Court
LC No. 13-002265-NO

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

  In this no-fault insurance action, MCL 500.3101 *et seq*, plaintiff, Pastor Idella Williams, appeals as of right the trial court's order granting defendant National Interstate Insurance Company's motion for summary disposition pursuant to MCR 2.116(C)(10). Because plaintiff failed to establish a genuine issue of material fact regarding whether she sustained any bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

  In the early morning on March 15, 2012, plaintiff was a passenger of a Compass Coach bus when the bus struck a deer. According to plaintiff, she was lying on two seats while sleeping in the back of the bus at the time, and she fell forward when the bus swerved, hitting her back on the seat in front of her. Plaintiff went to the emergency department at Mercy Health Saint Mary's (Saint Mary's) that same morning complaining of back pain; the hospital released her the same day with pain medication. On July 16, 2012, plaintiff filed a claim with National Interstate, Compass Coach's insurance carrier, seeking personal protection insurance ("PIP") benefits.

-1-

Based on some questions raised regarding the proper carrier responsible for such a claim, plaintiff also filed a claim with defendant State Farm Mutual Automobile Insurance Company[1], contending that she was a resident-relative of her daughter, who owned an automobile insured by State Farm, and the Michigan assigned claims facility, which assigned defendant Farmers Insurance Exchange to plaintiff's claim.

Acting in propria persona, plaintiff sued National Interstate and State Farm seeking PIP benefits on March 12, 2013. Plaintiff alleged that she suffered a back injury resulting in lost wages, medical expenses, and the need for home care services. She sought $5.5 million in damages. Plaintiff retained counsel on May 13, 2013, and filed an amended complaint on June 13, 2013, adding Farmers as a defendant. On October 29, 2013, the parties stipulated that National Interstate was the insurer of highest priority, and therefore, State Farm and Farmers were dismissed from the lawsuit; they are not parties to this appeal.

At her deposition on March 6, 2014, plaintiff testified that her injuries from the March 15, 2012 bus accident rendered her unable to walk anywhere without a walker and required her to have daily assistance for ordinary activities. She testified that she got the walker in April of 2012 and used it "all the time," including when she went to the bathroom, and that she never left the house without it. She testified that she could drive, but that she had to have the walker when she left the car. Counsel for National Interstate then played a video for plaintiff, stating that it was recorded on August 21, 2012. Plaintiff testified that it was her depicted in the video. The video showed plaintiff getting out of the driver's seat of a parked car, running across the street and into the yard of a house, grabbing a large garbage bin, and pushing the bin until she was halfway back across the street, at which time she turned the bin around and dragged it the rest of the way across the street and positioned it on the side of the road. She then returned to her car. Plaintiff was not using a walker or a cane, and she was not limping or showing any signs of pain or difficulty moving. Plaintiff admitted that the video showed her running after the accident and that she was able to run. She also admitted that it would have been after the bus incident. When her own counsel noted that she had "some explaining to do," plaintiff contended that the video captured her on a "good day." But she also admitted, "I do – I do run. I never said that I didn't. I do run."

Plaintiff's counsel withdrew six days after the deposition, and plaintiff has proceeded since that time in propria persona. National Interstate moved for summary disposition, contending that no genuine issue of material fact existed regarding whether any bodily injury to plaintiff arose out of the bus incident. At the hearing on National Interstate's motion, which occurred after the close of discovery, the trial court granted the motion. The trial court later denied plaintiff's motion for reconsideration.

---

[1] Defendants State Farm Claims and State Farm Mutual Automobile Insurance Company appear to be the same entity. We refer to both as "State Farm."

## II. ANALYSIS

On appeal, plaintiff contends that the trial court erred in granting summary disposition to National Interstate and dismissing the case. We note at the outset that plaintiff's brief provides no law to support her arguments on appeal. Thus, as National Interstate argues, this Court could consider plaintiff's arguments abandoned and affirm summary disposition on that ground. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned."). In any event, plaintiff's arguments on appeal lack merit.

An insurer's liability for PIP benefits under the no-fault act "is governed by MCL 500.3105." *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 394; 838 NW2d 910 (2013) (citation and quotation marks omitted). "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). Thus, to be eligible for benefits under MCL 500.3105(1), the benefits must be causally connected to the injury and the injury must "arise out of" the "ownership, operation, maintenance or use of a motor vehicle . . . ." *Douglas v Allstate Ins Co*, 492 Mich 241, 257; 821 NW2d 472 (2012), quoting *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005).

When moving for summary disposition under MCR 2.116(C)(10), National Interstate had "the initial burden of supporting its position" that there was no material question of fact regarding whether plaintiff was injured in the March 15, 2012 incident by producing "affidavits, depositions, admissions, or other documentary evidence." *Bronson Methodist Hosp v Auto-Owners Inc Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). Assuming National Interstate met its obligation, plaintiff, as the party opposing the motion, had the burden to show "by evidentiary materials that a genuine issue of disputed material fact exists." *Id.* at 440-441. "A question of fact exists when reasonable minds can differ on the conclusions to be drawn from the evidence." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

In support of its motion for summary disposition, National Interstate attached to its brief plaintiff's answers to interrogatories, a transcript of her deposition, a copy of the video that had been marked as an exhibit at plaintiff's deposition, and the affidavit of Ken Naffziger, the bus driver involved in the incident, who averred that, in response to his inquiries after the accident, none of the passengers reported being injured. National Interstate argued that the video, which plaintiff admitted depicted her after the incident, "clearly" showed that she had "not been honest in her deposition or interrogatories with regards to her injuries." Defendant also noted that in her answers to interrogatories, plaintiff admitted that she had brought claims for worker's disability compensation due to "back issues" in both 1979 and 1999. Thus, defendant sought summary disposition based on a lack of evidence regarding causation.

In defense of the motion, plaintiff argued that Naffziger gave false information in his affidavit and that he did not ask if everyone was okay after the incident. In terms of documents to support her opposition to the motion, plaintiff submitted her emergency room medical records from Saint Mary's Health Care dated March 15, 2012, wherein she presented with back pain soon after the bus incident. During her visit, she reported a history of chronic back pain, chronic neck pain, back surgery in 1980, and noted that she was disabled. She was treated symptomatically and discharged. She also produced a March 29, 2012 medical record indicating that plans were made for a lumbar spine x-ray and thoracic spine x-ray due to her complaints of back and right leg pain. In lieu of any other medical records, plaintiff attached two unsigned, typed letters, purportedly from Mercy Health Physician Partners and addressed to: "To whom it may concern." The letter dated August 16, 2013, indicated that plaintiff was "being treated for neck pain and lumbrosacral radiculopathy since the motor vehicle accident she was in last year. These diagnoses are a direct result of that accident. and [sic] she has not been able to continue employment due to the accident since March 15, 2012. she [sic] is currently in chronic pain and uses a wheeled walker for ambulation." The second letter, dated September 26, 2013, indicated that plaintiff has a "history of Degenerative Disc Disease of the Lumbosacral Spine, Lumbar Facet Arthropathy and Thoracic Back Pain. She's been under my care since 3.15.12 until today."[2] Although the letter indicated that plaintiff was under physical restrictions and needed assistance with certain tasks, it did not identify the cause of plaintiff's injuries. Plaintiff submitted no medical billing records or other evidence.

Upon review of the record in a light most favorable to plaintiff, we conclude that the trial court properly granted summary disposition to National Interstate based on a plaintiff's failure to establish a material question of fact for the jury regarding causation. See *Douglas*, 492 Mich at 257. Although there is evidence that plaintiff sought treatment for back pain following the bus incident, plaintiff has not proffered any substantively admissible evidence to support a finding beyond speculation or conjecture that any alleged injuries arose out of the accident. The closest she comes to doing so is the letter of August 16, 2013; however, it contains only a conclusory statement regarding causation with no factual basis in support of such contention. No other evidence supports plaintiff's allegation regarding causation. As such, plaintiff has failed to establish that a material question of fact exists regarding whether the March 15, 2012 incident caused her to suffer an injury or aggravated an existing injury. See *Quinto v Cross and Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996).

Moreover, all evidence in the record suggesting that the March 15, 2012 incident injured plaintiff or aggravated an existing injury, thereby requiring the type of care and attendant services alleged by plaintiff, is directly contradicted by the video and plaintiff's own testimony. Plaintiff's deposition testimony—which was the only evidence of the alleged injury—consisted of self-serving claims that she was unable to walk without the assistance of a walker, and that she used the walker wherever she went. In stark contrast, the video shows plaintiff—after the March

---

[2] It is questionable whether the letters plaintiff attached to her brief in opposition to summary disposition qualify as "documentary evidence" for purposes of MCR 2.116(C)(10). They are not medical records, they are not affidavits, and they are not signed by anyone.

15, 2012 incident—running from her automobile and across a street. It then shows her pushing and pulling a garbage bin across the street. It shows plaintiff moving without trouble and without a walker. Plaintiff testified that the video showed her doing these things and she testified that she could run after the March 15, 2012 incident. Furthermore, plaintiff stated at the June 30, 2014 hearing that she needed the walker for a heart condition rather than because of an injury caused by the March 15, 2012 incident. Because of the video, plaintiff's own testimony, and her statement at the June 30, 2014 hearing, reasonable minds could conclude only that plaintiff failed to show that the March 15, 2012 incident caused her to suffer an injury or aggravated an injury. See *1300 LaFayette East Coop, Inc*, 284 Mich App at 525. See also *Scott v Harris*, 550 US 372, 380; 127 S Ct 1769; 167 L Ed 2d 686 (2007) (finding no genuine issue of material fact where the plaintiff's self-serving deposition testimony—which was the plaintiff's only evidence of discrimination in a case alleging the same—was "blatantly contradicted by the record so that no reasonable jury could believe it.").

Plaintiff argues that she was able to run after the March 15, 2012 incident only because of medication and therapy. But, there is absolutely no evidence in the record to support this assertion. And, returning to our reason for affirming the trial court's decision—causation— plaintiff fails to explain, even if there were any evidence in support of that assertion, how that evidence would create a question of fact as to whether the March 15, 2012 incident injured her. Whether plaintiff took medication or had therapy to alleviate her back pain does not address whether that pain was caused by the March 15, 2012 incident. See *Douglas*, 492 Mich at 257. Because plaintiff failed to establish a question of fact as to whether the March 15, 2012 incident caused her injury or aggravated an injury, the trial court properly granted National Interstate summary disposition. *Id.*; *Latham*, 480 Mich at 111.

Plaintiff also argues that the video that the trial court watched was manipulated to make it appear that she was running. This argument is utterly without factual basis and is nothing but speculation, which cannot defeat summary disposition. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Next, plaintiff abandoned her argument that the trial court erred in finding that she received compensation for replacement services because the trial court did not make such a finding, it did not address the issue of whether she had been compensated for replacement services, and plaintiff provides no explanation as to why such a finding would be relevant to her appeal. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001). Additionally, plaintiff's argument that she was not provided with the video until after summary disposition was granted is contradicted by evidence on the record proving that she watched the video at her deposition and that she was provided with a copy of it when served with National Interstate's motion for summary disposition on May 22, 2014. Therefore, plaintiff has not established plain error in that regard. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012).

Finally, the trial court did not err when it prevented plaintiff from calling a witness at the June 30, 2014 hearing. Setting aside for now the procedural irregularity of having a witness testify at a summary disposition hearing, there is no evidence that the witness whom plaintiff wanted to call was on a witness list that plaintiff submitted before discovery closed. Furthermore, there is no indication at all as to the identity of that witness. Moreover, plaintiff

has failed to make any argument as to how the trial court's refusal to allow the witness to testify had any effect on the outcome of this case.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly