*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KWAN YEE, also known as RAYMOND YEE, and CHOI KAM YEE, also known as BETTY YEE,

  Plaintiffs-Appellants,

v

MEMBERSELECT INSURANCE COMPANY,

  Defendant-Appellee,

and

AAA INSURANCE, WILLIAMS AND BECK ENGINEERING, and AAA OF MICHIGAN,

  Defendants.

UNPUBLISHED
January 24, 2019

No. 341218
Livingston Circuit Court
LC No. 16-029034-CZ

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this dispute over the denial of a homeowners insurance claim, plaintiffs, Kwan Yee, also known as Raymond Yee, and Choi Kam Yee, also known as Betty Yee, appeal the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendant, Memberselect Insurance Company (MIC). On appeal, plaintiffs argue the trial court erred when it granted summary disposition to MIC because the dismissal constituted an impermissible sanction for their attorney's failure to file a response to the motion for summary disposition and his failure to appear at the motion hearing. Plaintiffs also argue that the trial court erred when it granted summary disposition because the home at issue was their "residence premises" under the policy, they filed a proper statement of Proof of Loss, and at the very least, the trial court did not allow for full discovery before granting summary disposition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an insurance claim for water damage to plaintiffs' house in Milford, Michigan. Plaintiffs inherited the house and lived there continually until May 2012 when Kwan suffered a stroke. After May 2012, plaintiffs began staying with their daughter in Novi, Michigan, because of Kwan's difficulty accessing the Milford home. According to Choi, they stayed in a room at their daughter's house every night since May 2012. During the summer months, plaintiffs would visit the Milford house at least once a week, but they did not often visit the house during the winter. Instead, they would spend an hour there for the Chinese New Year, and they would seldom check on the house in February and March.

In April 2015, township authorities notified plaintiffs about a possible leak at the Milford house after a neighbor had contacted the township about the leak. According to a report regarding water loss completed by defendant, Williams and Beck Engineering (WBE), "[w]ater leaks were found throughout the building, resulting in widespread flooding including into light fixtures and other electrical devices." The causes of the leaks were "frozen and burst pipes and/or fittings." Corrosion of the pipes before the major event could have also caused minor leaks. Leaking pipes were found "inside interior walls, sink cabinets and the basement/garage ceilings." The report stated "that a temporary power outage could have caused the furnaces to shut down simultaneously and long enough to cause the frozen pipes," as the electric utility statements indicated a generally steady use of electricity throughout early 2015. Plaintiffs filed their insurance claim approximately a week after discovering the water damage.

In October 2015, plaintiffs' insurance claim was officially denied because the insured home was not the "residence premises" as required under the policy, plaintiffs did not notify MIC of the change in occupancy, they failed to maintain heat in the home, and they substantially increased the potential for a loss when they moved to their daughter's house. On June 10, 2016, plaintiffs filed a complaint against MIC and WBE, as well as defendants, AAA Insurance Company and AAA of Michigan, alleging (1) breach of contract, (2) failure to promptly pay the insurance claim, (3) "appraisal," and (4) an intentional tort against WBE for purposely causing flooding in the home by turning the water on when conducting the investigation. The trial court dismissed AAA Insurance Company and AAA of Michigan because MIC was the proper party. In January 2017, the parties stipulated to the dismissal of WBE.

In January 2017, the trial court entered an order of adjournment extending the deadlines for discovery and substantive motions. In March 2017, MIC filed its motion for summary disposition under MCR 2.116(C)(10), claiming that there was no genuine issue of material fact concerning whether the insured home was plaintiffs' residence premises, that plaintiffs failed to notify MIC of the change in occupancy, or that plaintiffs failed to timely file a statement of Proof of Loss. The trial court entered a second order of adjournment due to a surgery that plaintiffs' counsel had scheduled. In April 2017, MIC filed a Renotice of Hearing on the motion for summary disposition, setting a new hearing date. In May 2017, MIC filed a supplemental brief in support of its motion. On May 10, 2017, plaintiffs filed a motion to compel sanctions and adjourn the hearing, claiming MIC's disclosure of 500 pages of documents was untimely and those documents were not referenced in MIC's discovery responses. On May 18, 2017, the trial court entered a third order of adjournment, extending discovery and rescheduling the motion deadline. On May 26, 2017, MIC filed a second Renotice of Hearing, indicating that the hearing

on its motion for summary disposition would be held on August 3, 2017. In July 2017, MIC filed a second supplemental brief in support of its motion for summary disposition. On July 20, 2017, the trial court entered a fourth order of adjournment due to ongoing mediation, and it extended discovery to October 1, 2017, and moved the motion hearing to October 5, 2017. Plaintiffs never filed a response to MIC's motion for summary disposition.

On October 5, 2017, the trial court held a hearing on the motion for summary disposition. The trial court stated the following:

> This is the date and time set for summary disposition. I've received and reviewed your pleadings . . . . We have not received anything from [plaintiffs' counsel]. This date and time was set by the court in the courtroom when both counsel were present. I can only assume by the lack of presence of plaintiff counsel that he's probably not contesting the motion, but the [c]ourt does take umbrage at the fact that he has not appeared, contacted us, nor responded to any of your inquiries, which I know I directed you to do. And I've been informed by staff that you have done that.
>
> Based upon your pleadings, I am going to grant summary disposition. I would award attorney fees if you request them.

Plaintiffs filed a motion for reconsideration, explaining that plaintiffs' counsel "accidentally missed the October 5, 2017 motion hearing[.]" Plaintiffs requested the trial court grant reconsideration because the dismissal was a severe and extreme sanction and plaintiffs should have an opportunity to conduct the depositions of MIC's insurance agents. The trial court denied the motion for reconsideration. This appeal follows.

## II. PRESERVATION AND STANDARD OF REVIEW

"Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *General Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Plaintiffs first raised the issue that the trial court improperly dismissed their case as a sanction, and improperly granted defendant's motion for summary disposition, in a motion for reconsideration. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Therefore, plaintiffs' claims are unpreserved.

This Court usually reviews the trial court's imposition of sanctions under MCR 2.114 for an abuse of discretion and the factual findings for clear error. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). This Court also reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899 NW2d 432 (2017). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015) (quotation marks and citation omitted). This Court also reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Clohset v No Name Corp*, 302 Mich App 550, 559; 840

NW2d 375 (2013). However, unpreserved issues, such as those in this case, are reviewed for plain error. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

III. ANALYSIS

Plaintiffs first argue that the trial court ordered involuntary dismissal of the case as a sanction for their failure to file a response to MIC's motion for summary disposition and their counsel's failure to appear at the motion hearing. According to plaintiffs, the sanction was an inappropriate remedy. We disagree because the trial court did not dismiss plaintiffs' case as a sanction.

Plaintiffs contend the trial court was required to consider several factors before determining that dismissal was an appropriate remedy. Those factors include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. [*Duray Dev*, 288 Mich App at 164-165.]

Plaintiffs' argument is misguided. These factors must be considered before a trial court can order involuntary dismissal as a sanction, and in this case, the trial court granted MIC's motion for summary disposition and dismissed plaintiffs' case under MCR 2.116(C)(10).

Plaintiffs failed to file a timely response to MIC's motion for summary disposition, despite the fact that the hearing on the motion was adjourned three times and MIC filed three separate supplemental briefs to its motion. In fact, the initial motion for summary disposition was filed in March 2017, and the hearing on the motion was not held until October 5, 2017. Thus, plaintiffs had over six months to file a response to MIC's motion for summary disposition. A party may not rest on mere allegations or denials in his or her pleadings, but instead must, by affidavit or other documentary evidence, "set[] forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4); *Richardson v Michigan Humane Society*, 221 Mich App 526, 527; 561 NW2d 873 (1997). Such evidence must be presented in opposition to the motion for summary disposition, and trial courts are not required "to scour the lower court record in search of a basis for denying the moving party's motion." *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009).

In light of plaintiffs' failure to file any responsive briefing or to appear at the motion hearing, the trial court was not obligated to scour the record to search for a basis to deny summary disposition. With this in mind, the trial court expressly ruled that "[b]ased upon [the]

pleadings, I am going to grant summary disposition." And despite plaintiffs' argument to the contrary, the trial court did, in fact, grant MIC's motion for summary disposition under MCR 2.116(C)(10). MIC raised three arguments below, all of which were sufficient independent bases for granting summary disposition: (1) plaintiffs' property was no longer their "residence premises" under the insurance policy, (2) plaintiffs failed to notify MIC of their change in occupancy of the property, and (3) plaintiffs failed to file a timely statement of Proof of Loss.

When language in an insurance policy is clear, "courts are bound by the specific language set forth in the agreement." *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 160; 534 NW2d 502 (1995) (quotation marks and citation omitted). The policy at issue covers the "insured premises," which includes the "residence premises." The policy defines a residence premises as "the one, two, three or four-family dwelling, other structures and grounds" where the insured "reside[s] and which is shown on the declaration certificate." Thus, the policy mandates that the insured reside at the property in question. This Court has expressly held that the term "reside" as provided in a homeowner's policy "requires that the insured actually live at the property." *McGrath v Allstate Ins Co*, 290 Mich App 434, 443; 802 NW2d 619 (2010). As we further explained, the risk to insuring property is "affected by the presence of the insured in the dwelling and the associated activities stemming from this presence." *Id*. at 444. "Unoccupied or vacant homes, with no resident present to oversee security or maintenance, are at greater risk for break-ins, vandalism, fire, and water damage . . . ." *Id*.

In this case, plaintiffs had not resided on the property for approximately three years prior to the occurrence of the water damage. They admitted that they had spent every night at their daughter's home since 2012, and they did not regularly visit the property during the winter months. While they expressed an intention to one day return, the mere intent to live at the property in the future is not enough to meet the definition of "reside" under the policy. See *id*. at 443 (holding that an intent to reside at the property in the future is insufficient to meet the insurance policy's definition of "reside"). Therefore, the trial court did not err when it granted MIC's motion for summary disposition under MCR 2.116(C)(10).

As in *McGrath*, the trial court also did not err when it granted summary disposition for plaintiffs' failure to notify MIC of the change in occupancy. In *McGrath*, this Court held that when the insured failed to inform the insurer about the change in occupancy, i.e., that the insured no longer resided at the premises, summary disposition should have been granted in favor of the insurer. *McGrath*, 290 Mich App at 445. In this case, plaintiffs moved in with their daughter, but they never notified MIC of the change in occupancy, despite the policy's requirement that the insureds "inform [MIC] of any change in title, use or occupancy of the residence premises." Therefore, summary disposition was proper on this basis.

The trial court also did not err when it granted summary disposition as to MIC's claim that plaintiffs failed to timely file the statement of Proof of Loss. MIC alleged in its motion for summary disposition that plaintiffs filed the Proof of Loss late, and MIC attached an affidavit from its insurance adjuster, which indicated that she never received a timely Proof of Loss. Moreover, the Proof of Loss that plaintiffs eventually submitted did not include any information as to the value of the property loss, and plaintiffs inaccurately stated that they were residing at the property when the loss occurred. On this record, this Court cannot conclude that the trial court plainly erred when it granted summary disposition.

-5-

In their motion for reconsideration and now on appeal, plaintiffs argue that the trial court should have allowed more time for plaintiffs to depose MIC's witnesses, specifically the insurance agents assigned to the insurance claim. We disagree.

Summary disposition may be proper even when discovery has not been completed if further discovery does not stand a fair chance of uncovering factual support for the position of the party opposing the motion. *Bayn v Dep't of Natural Resources*, 202 Mich App 66, 70; 507 NW2d 746 (1993). After the July 2017 hearing, the trial court adjourned the hearing on MIC's motion for summary disposition for October 5, 2017. During that time, plaintiffs took no action to compel discovery and in no way challenged the trial court's decision to conduct the motion hearing on October 5, 2017. Without an objection, plaintiffs have waived the issue. See *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (stating that "[t]he party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it") (quotation marks and citation omitted). The hearing on the motion for summary disposition was adjourned three times, plaintiffs knew about the motion hearing, and plaintiffs did not object to the trial court's decision to hold the hearing when it did.

With that said, plaintiffs cannot show that the trial court improperly ruled on the motion for summary disposition because discovery was incomplete. The question turns on "whether further discovery stands a fair chance of uncovering factual support for the opposing party's position." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Importantly, "a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Id*. In this case, plaintiffs claim that they should have a chance to depose the insurance agents, and both Choi and Kwan should be afforded an opportunity to clarify the testimony they provided during their examinations under oath. We conclude that testimony from the insurance agents would not have affected the outcome because there stands no fair chance of uncovering factual information that would support plaintiffs' position. Testimony from the insurance agents would have no bearing on whether plaintiffs' home was their "residence premises" for purposes of the insurance policy. As for clarifying Choi's and Kwan's own testimony, they have provided no affidavits supporting their contentions, and they were represented by counsel at the examinations. Therefore, we do not discern plain error as to the trial court's decision to rule on the motion for summary disposition without ensuring that depositions were completed.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause