**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Clifford W. Taylor      Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Marilyn Kelly
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman

FILED JUNE 11, 2008

JUDITH KUZNAR and JOSEPH KUZNAR,
her husband,

       Plaintiffs-Appellees,

v                                         No. 132203

RAKSHA CORPORATION, doing business
as CROWN PHARMACY, and VALERIE
RANDALL, jointly and severally,

       Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

      Plaintiffs Judith and Joseph Kuznar sued Raksha Corporation, doing business as Crown Pharmacy (hereafter Crown Pharmacy), and its nonpharmacist employee Valerie Randall for negligence in refilling a prescription that resulted in injury to Judith. The issue is whether the two-year statutory period of limitations

for medical malpractice[1] or the three-year period for ordinary negligence[2] applies to plaintiffs' claims.

We affirm the Court of Appeals conclusion that a pharmacy is not a licensed health facility or agency. In addition, we conclude that a pharmacy is not a licensed health-care professional. We hold, therefore, that a pharmacy cannot be directly liable for medical malpractice. But it can be directly liable for ordinary negligence for operating without having a licensed pharmacist on site and for allowing a nonpharmacist to dispense medications. Hence, plaintiffs' claims of direct negligence on the part of the pharmacy are timely under the three-year period of limitations for ordinary negligence.

Because the pharmacy is not a licensed health facility or agency, the defendant nonpharmacist employee was not an employee of such a facility or agency. Neither was she a licensed health-care professional. As a consequence, plaintiffs' claims alleging negligence by the nonpharmacist employee and vicarious liability for that negligence by the pharmacy may also proceed under the three-year statute of limitations for ordinary negligence.

We affirm the judgment of the Court of Appeals and remand the case to the circuit court for proceedings not inconsistent with this opinion.

---

[1] MCL 600.5805(6).

[2] MCL 600.5805(10).

## I. FACTS AND PROCEDURAL HISTORY

On November 11, 2000, Joseph Kuznar took a prescription for Mirapex, 0.125 mg, to be refilled at Crown Pharmacy. His wife, Judith, was taking the medication on her physician's orders to control the symptoms of restless leg syndrome. Defendant Valerie Randall refilled the prescription with 1 mg tablets of Mirapex, each tablet thus containing eight times the prescribed dosage. Randall was a Crown Pharmacy employee who was not a licensed pharmacist and was not acting under the supervision of a pharmacist.[3]

Judith Kuznar took one of the 1 mg Mirapex tablets in the afternoon and two in the early evening of November 13, 2000. She became dizzy, agitated, and nauseated in the evening and lost consciousness during the night. At the Botsford General Hospital emergency room, her symptoms were determined to be an adverse reaction to the excessive dosage of Mirapex.

On October 7, 2003, the Kuznars filed a negligence lawsuit against both Crown Pharmacy and Randall.[4] In count 17 of the complaint, plaintiffs alleged that Crown Pharmacy owed a duty to exercise reasonable care through its agents and employees when dispensing medications. In count 18, plaintiffs alleged that Crown Pharmacy owed a duty to avoid foreseeable injury when dispensing

---

[3] These are plaintiffs' allegations in the complaint. We accept them as true for purposes of defendants' motion for summary disposition under MCR 2.116(C)(7) and (8). Defendants characterize Randall as a pharmacy technician.

[4] Joseph Kuznar's claims are derivative.

medications. In count 19, plaintiffs alleged that the pharmacy breached these duties by:

    a. Failing to dispense the appropriate medication dosage and refilling a prescription instead with eight times the prescribed dosage.

    b. Failing to timely recognize the error made in dispensing medications.

    c. Allowing persons other than a licensed pharmacist to refill prescriptions.

    d. Failing to have a licensed pharmacist available on site to oversee, supervise and control the actions of persons not pharmacists who refilled prescription[s].

In counts 22 to 24, plaintiffs alleged that Randall had a duty not to dispense medication if she was not a licensed pharmacist. Alternatively, plaintiffs alleged, she had a duty "to adhere to a standard of care to which she is held to avoid foreseeable injury in dispensing medications." In count 25, plaintiffs alleged that Randall breached these duties by:

    a. Dispensing medication which she was not qualified to dispense as she was not a licensed pharmacist.

    b. Failing to dispense the appropriate medication dosage and refilling a prescription instead with eight times the prescribed dosage.

    c. Failing to timely recognize the error made in dispensing medications.

    d. Failing to consult with a licensed pharmacist before dispensing medications.

On August 9, 2004, defendants moved for summary disposition under MCR 2.116(C)(7) and (8). They contended that, because Randall was employed

4

at a licensed health facility or agency, the complaint sounded in medical malpractice rather than in ordinary negligence. Defendants argued that the complaint failed to state a claim for ordinary negligence and was barred by the two-year statute of limitations for medical malpractice. The circuit court denied the motion without explanation.

The Court of Appeals affirmed the circuit court's denial of defendants' motion for summary disposition.[5] It pointed out that, under MCL 600.5838a(1), a medical malpractice claim can be brought against a "licensed health facility or agency" as defined in article 17 of the Public Health Code.[6] Because the licensure requirement applicable to pharmacies appears in article 15 of the code,[7] and not in article 17, the Court of Appeals concluded that a pharmacy is not a "licensed health facility or agency" subject to medical malpractice claims.

The Court of Appeals noted that pharmacists are licensed health-care professionals subject to medical malpractice claims under MCL 600.5838a(1)(b). However, Randall was not a licensed pharmacist, and neither was Crown Pharmacy. The Court noted that MCL 600.5838a(1) contemplates that the negligent acts of unlicensed agents or employees of licensed health facilities or agencies may be subject to medical malpractice claims. But because a pharmacy

---

[5] *Kuznar v Raksha Corp*, 272 Mich App 130; 724 NW2d 493 (2006).

[6] MCL 333.20101 *et seq.*

[7] MCL 333.16101 *et seq.*

is not a "licensed health facility or agency," the Court opined, no medical malpractice had occurred in this case. The Court of Appeals concluded that plaintiffs' complaint was timely under the three-year limitations period for ordinary negligence.[8]

## II. STANDARD OF REVIEW

Defendants sought leave to appeal in this Court. We review decisions on motions for summary disposition de novo.[9] Such motions are properly granted under MCR 2.116(C)(7) when a statute of limitations bars a claim. In reviewing whether a motion under MCR 2.116(C)(7) was properly decided, we consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it.[10]

Summary disposition is proper under MCR 2.116(C)(8) if the nonmoving party "has failed to state a claim on which relief can be granted." Such claims must be "'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.'"[11] In reviewing the outcome of a motion under

---

[8] MCL 600.5805(10).

[9] See *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004).

[10] *Id*. We note that defendants based their motion for summary disposition exclusively on plaintiffs' complaint.

[11] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citation omitted).

MCR 2.116(C)(8), we consider the pleadings alone.[12] We accept the factual allegations in the complaint as true and construe them in a light most favorable to the nonmoving party.[13]

We also review questions of statutory interpretation de novo.[14] Our main goal in doing so is to give effect to the intent of the Legislature. When a statute specifically defines a given term, that definition alone controls.[15] The meaning accorded to undefined terms is determined in part by their placement in the statute and their purpose in the statutory scheme.[16]

## III. ANALYSIS

### A. THE *BRYANT* REQUIREMENTS FOR MEDICAL MALPRACTICE

In *Bryant*, this Court held that, to be subject to the requirements for asserting medical malpractice, a claim must allege an action that (1) occurred within the course of a professional relationship and (2) poses questions of medical judgment outside the realm of common knowledge and experience.[17]

A professional relationship exists if a person or an entity capable of committing medical malpractice was subject to a contractual duty to render

---

[12] *Id*.

[13] *Id*.

[14] *Haynes v Neshewat*, 477 Mich 29, 34; 729 NW2d 488 (2007).

[15] *Id*. at 35.

[16] *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999).

[17] *Bryant*, 471 Mich at 422.

7

professional health-care services to the plaintiff.[18] Under the common law, only physicians and surgeons were potentially liable for medical malpractice. But in MCL 600.5838a(1), the Legislature expanded the scope of those who could be liable for medical malpractice.[19] It provided for medical malpractice claims to be brought against "a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency . . . ."[20]

The primary issue in this case is whether the pharmacy technician and the pharmacy are covered by MCL 600.5838a(1). We conclude that they are not. Because the professional relationship test is not satisfied, we need not consider whether the complaint poses questions of medical judgment that would require expert testimony.[21]

## B. A LICENSED HEALTH FACILITY OR AGENCY

The Court of Appeals correctly applied the relevant statutes in determining that licensed health facilities and agencies are those licensed under article 17 of the Public Health Code.[22] Article 17, entitled "Facilities and Agencies," provides

---

[18] *Id.*

[19] *Id.* at 420 n 8.

[20] MCL 600.5838a(1).

[21] *Bryant*, 471 Mich at 423.

[22] MCL 600.5838a(1)(a).

its own definition of what is a health facility or agency in the form of a list. The list does not include pharmacies.[23]  All the entities listed do more than just dispense medication. They provide in- or out-patient or residential or emergency medical care or treatment. MCL 333.20115(1) allows the promulgation of administrative rules to "further define" this list. Neither party has identified any administrative expansion of the list.

Under the statutory definition, a pharmacy is not a licensed health facility or agency and cannot be directly liable for medical malpractice in that capacity.

---

[23] MCL 333.20106(1) provides that "health facility or agency" means

(a) An ambulance operation, aircraft transport operation, nontransport prehospital life support operation, or medical first response service.

(b) A clinical laboratory.

(c) A county medical care facility.

(d) A freestanding surgical outpatient facility.

(e) A health maintenance organization.

(f) A home for the aged.

(g) A hospital.

(h) A nursing home.

(i) A hospice.

(j) A hospice residence.

(k) A facility or agency listed in subdivisions (a) to (h) located in a university, college, or other educational institution.

Nor can its agents and employees be liable for medical malpractice as agents or employees of a licensed health facility or agency. The Court of Appeals correctly held that Randall and Crown Pharmacy cannot be liable for medial malpractice under this rationale.

## C. A LICENSED HEALTH-CARE PROFESSIONAL

Defendants and the Michigan Pharmacists Association urge us to hold that a pharmacy is a licensed health-care professional. We decline to do so.

A licensed health-care professional is "an individual licensed or registered under article 15 of the public health code . . . and engaged in the practice of his or her health profession in a . . . business entity."[24] The flaw in defendants' proposition is that the Public Health Code defines "individual" to mean "a natural person."[25] Article 15 defines a "pharmacist" as "an individual licensed under this article to engage in the practice of pharmacy."[26] However, it does not define a pharmacy as an individual or a natural person.

Instead, "pharmacy" is defined as "a building or a part of a building in which the practice of pharmacy is conducted."[27] MCL 333.17711(1) provides that "a person shall not engage in the practice of pharmacy unless licensed or otherwise authorized by this article." The Public Health Code defines "person" in

---

[24] MCL 600.5838a(1)(b).

[25] MCL 333.1105(1).

[26] MCL 333.17707(2).

[27] MCL 333.17707(4).

10

relevant part as "an individual, partnership, cooperative, association, private corporation, personal representative, receiver, trustee, assignee, or other legal entity."[28] Although a business entity can operate a licensed pharmacy, there is no requirement that a business entity operating as a pharmacy must consist solely of licensed health-care professionals.

Rather, the standards for the operation of a pharmacy provide:

(1) A pharmacy shall not be operated unless licensed by this part.

(2) A pharmacy open for business shall be under the personal charge of a pharmacist.[29] A pharmacist shall not simultaneously have personal charge of more than 1 pharmacy. The person to whom a pharmacy license is issued and the pharmacists on duty are responsible for compliance with federal and state laws regulating the distribution of drugs and the practice of pharmacy. Pharmacy services shall be conducted under the control and personal charge of a pharmacist.

(3) A penalty for violation of this part does not affect the pharmacy license of other than the place of business where the violation occurred.[30]

These standards make clear that a license to operate a pharmacy can be issued to a nonpharmacist. But the holder of the pharmacy license cannot open a pharmacy for business unless a licensed pharmacist is physically present on site. Because a pharmacy may be operated by a nonpharmacist, a pharmacy and a pharmacist are

---

[28] MCL 333.1106(2).

[29] "Personal charge" means the immediate physical presence of a pharmacist. MCL 333.17707(1).

[30] MCL 333.17741.

11

not the same thing. Whereas a pharmacist is a licensed health care professional, a pharmacy is not.[31]

Since Crown Pharmacy was not a licensed health-care professional, it could not have had a professional relationship with plaintiffs. Because plaintiffs' direct claim against the pharmacy fails the first prong of *Bryant*'s two-pronged test, it cannot sound in medical malpractice.

In count 19(c) and (d) of the complaint, plaintiffs alleged that Crown Pharmacy allowed nonpharmacists to refill prescriptions. They asserted that Crown did not have a licensed pharmacist on site to oversee, supervise, and control the activities of nonpharmacists. Plaintiffs essentially alleged that the holder of the pharmacy license in this case operated the pharmacy in violation of MCL 333.17741.[32] These are allegations of direct liability on the part of Crown

---

[31] Defendants rely on two Court of Appeals cases for their claim that a pharmacy is a licensed health-care professional. See *Becker v Meyer Rexall Drug Co*, 141 Mich App 481; 367 NW2d 424 (1985); *Simmons v Apex Drug Stores, Inc*, 201 Mich App 250; 506 NW2d 562 (1993). In each case, a pharmacy was sued when a pharmacist incorrectly filled a prescription. Neither *Becker* nor *Simmons* specifically analyzed the distinction between a claim against a pharmacy and a claim against a pharmacist.

[32] "The fact that a person has violated a safety statute may be admitted as evidence bearing on the question of negligence." *Klanseck v Anderson Sales & Service, Inc*, 426 Mich 78, 86; 393 NW2d 356 (1986); cf. *Orzel v Scott Drug Co*, 449 Mich 550; 537 NW2d 208 (1995) (holding that a drug addict was not entitled to a recovery on the basis of the pharmacists' alleged violation of the controlled-substance provisions of the Public Health Code because these provisions are not meant to protect persons who fraudulently obtain drugs).

Pharmacy.[33]   Because the pharmacy itself is not a licensed health-care professional, its direct liability for violations of the statute lies in ordinary negligence.  The claims in count 19(c) and (d) of the complaint are subject to the three-year statutory period of limitations for ordinary negligence and are not barred by the expiration of it.

The remaining allegations in plaintiffs' complaint concern Randall's direct liability for her own negligence in refilling the prescription and Crown Pharmacy's vicarious liability for the negligence of its employee.[34]   Plaintiffs alleged that Randall was not a licensed pharmacist, and defendants have presented no documentary evidence to disprove this allegation.[35]

On the basis of the allegations in plaintiffs' complaint, Randall cannot be liable in medical malpractice.  Rather, she is directly liable for her own ordinary

---

[33] Plaintiffs have not identified any officers or agents of Raksha Corporation responsible for the alleged violation of its statutory duty to operate the pharmacy only under the supervision of a pharmacist.  However, because a corporation is a legal person, it is sufficient for the purposes of the complaint to allege its actions or failures as a legal person.  See *Theophelis v Lansing Gen Hosp*, 430 Mich 473, 478; 424 NW2d 478 (1988), citing *Jones v Martz & Meek Constr Co, Inc*, 362 Mich 451, 455; 107 NW2d 802 (1961).

[34] See *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 294-295; 731 NW2d 29 (2007) ("Vicarious liability . . . rests on the imputation of the negligence of an agent to a principal. . . . [T]o succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently.").

[35] For the first time in this Court, defendants argued that, by virtue of refilling the prescription, Randall held herself out as a licensed health-care professional, as defined in MCL 600.5838a(1).  We decline to consider this argument because defendants did not make it in the lower courts.

13

negligence, and Crown Pharmacy is vicariously liable for the ordinary negligence of its employee.

## IV. CONCLUSION

A pharmacy is neither a licensed health facility or agency nor a licensed health-care professional and cannot be directly liable for medical malpractice. Hence, under the law, Crown Pharmacy was incapable of committing medical malpractice.

Plaintiffs alleged that the prescription was refilled by a nonpharmacist employee of Crown Pharmacy without the supervision of a pharmacist. Defendants have presented no evidence to the contrary. A nonpharmacist employee of a licensed pharmacy is neither a licensed health-care professional nor an employee or agent of a licensed health facility or agency.

Accordingly, plaintiffs' claims of direct liability against Randall and Crown Pharmacy and their claims for vicarious liability against Crown Pharmacy sound in ordinary negligence. Because plaintiffs have stated valid claims of ordinary negligence, the trial court properly denied defendants' motion for summary disposition under MCR 2.116(C)(8). The claims are not barred by the applicable three-year statute of limitations, and so the court also properly denied defendants' motion for summary disposition under MCR 2.116(C)(7).

Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the Wayne Circuit Court for further proceedings.

14

Marilyn Kelly
Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman