*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARLENE EDITH HEENSTRA, Personal
Representative of the ESTATE OF JEAN ELAINE
QUICK,

        Plaintiff-Appellant,

v

SPECTRUM HEALTH SYSTEMS, also known as
SPECTRUM HEALTH SYSTEM,

        Defendant-Appellee.

UNPUBLISHED
June 16, 2022

No. 356399
Kent Circuit Court
LC No. 19-007640-NH

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Plaintiff, Marlene Edith Heenstra, as the personal representative for the Estate of Jean Elaine Quick, appeals as of right following the trial court's grant of summary disposition to defendant, Spectrum Health Systems. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Elaine Quick was a 97-year-old woman with dementia residing at an assisted living facility. At approximately 11:51 p.m. on August 28, 2017, paramedics were dispatched to the facility to attend to her after she fell and was injured. Because Quick appeared to have a closed head injury, the paramedics applied a rigid cervical collar and transported her to defendant's emergency room. She arrived shortly before midnight, and her treating physician determined that multiple tests would have to be conducted, including x-rays.

Because Quick was a cervical-spine precaution patient, she was required to be transported from the emergency department to the radiology suite by a registered nurse or a doctor. Erin Leegwater, a registered nurse working in the emergency department, was assigned to Quick's care. Leegwater testified that she had received training on how to transport patients in cervical-spine precautions and that she relied on that training while transporting Quick. Specifically, she recounted that she performed an evaluation of Quick and found Quick to be disorientated. She explained that her training and clinical judgment was necessary when transporting a disorientated

patient because such a patient requires closer supervision or attention during the transportation process.

Quick was placed on a standard hospital wheeled stretcher with side rails. The stretcher was in a fully reclined position, the rails were up, and Quick was covered by a blanket. She was not restrained. Leegwater operated the stretcher from the head of the bed. As she pushed the stretcher through the doorway to the radiology suite, Quick apparently moved her left leg through the rail of the stretcher and it collided with the doorframe. Quick sustained a fracture to her left leg because of the collision. Surgery was not recommended due to Quick's age, and within a few weeks of sustaining the injury, Quick died.

Plaintiff filed a complaint alleging that defendant's ordinary negligence and medical malpractice proximately caused Quick's death. Defendant moved for summary disposition, arguing that plaintiff's claim sounded only in medical malpractice because specialized medical knowledge was required to understand the applicable standard of care. Defendant contended that because plaintiff had not provided an expert witness capable of establishing the appropriate standard of care, summary disposition was warranted. Following a hearing on the motion, the trial court entered an order summarily dismissing plaintiff's claim under MCR 2.116(C)(10).

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition. "This Court reviews de novo the grant or denial of summary disposition." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

### B. ANALYSIS

#### 1. NATURE OF THE CLAIM

When determining whether a claim sounds in ordinary negligence or medical malpractice, a reviewing court must determine "(1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 422; 684 NW2d 864 (2004). "If both of these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions." *Id*. "A professional relationship exists if a person or an entity capable of committing medical malpractice was subject to a contractual duty to render professional healthcare services to the plaintiff." *Kuznar v Raksha Corp*, 481 Mich 169, 177; 750 NW2d 121 (2008). The claim raises questions of medical judgment when "the reasonableness of the action can be evaluated by a jury only after having been presented the standards of care

pertaining to the medical issue before the jury [as] explained by experts." *Bryant*, 471 Mich at 423. Moreover, "[t]he determination whether a claim will be held to the standards of proof and procedural requirements of a medical malpractice claim as opposed to an ordinary negligence claim depends on whether the facts allegedly raise issues that are within the common knowledge and experience of the jury." *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 45-46; 594 NW2d 455 (1999).

In this case, plaintiff concedes that a professional relationship exists, but contends that the act of pushing a stretcher does not raise "questions of medical judgment beyond the realm of common knowledge and experience." *Bryant*, 471 Mich at 422. We disagree.

It is undisputed that Quick was a cervical-spine precaution patient. As a result, only a registered nurse or a doctor could transport her. Leegwater was acting in her capacity as a registered nurse. She testified that she used her knowledge and training in transporting patients with Quick's medical condition when she moved Quick. Specifically, she ensured that Quick was on the stretcher, the rails were up, and that Quick had a blanket over her. She added that, because Quick was disorientated, there were additional risks associated with her transport so closer observation was required. Leegwater tried to take those additional risks into account during the transportation process. A jury relying only on common knowledge and experience would not know what would constitute proper transportation of a patient with Quick's medical condition. See *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 522-523; 918 NW2d 645 (2018). Therefore, on this record, the trial court did not err by determining that the claim sounded in medical malpractice, not ordinary negligence.

## 2. EXPERT WITNESS

Plaintiff next argues that the trial court abused its discretion by determining that her expert witness, Emily Flynn, did not satisfy the requirements of MCL 600.2169. She contends that because her witness satisfied MCL 600.2169, the court erred by granting defendant's motion for summary disposition. "We review for an abuse of discretion a trial court's decision concerning the qualifications of a proposed expert witness to testify." *Estate of Horn by Stokes v Swofford*, 334 Mich App 281, 287; 964 NW2d 904 (2020).

MCL 600.2169(1)(b) provides:

> (b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

> (*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.

> (*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is

licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

During her deposition, Flynn stated that she was a "charge nurse" in 2016 when she worked triage and "helped nurses with their patient care." However, she expressly testified that 30% of her duties were clinical and 70% were administrative. Because she did not spend the majority of her professional time in 2016 (the year before Quick's injury) on the "active clinical practice of the same health profession in which the party against whom" was licensed, she could not satisfy the requirements under MCL 600.2169(1)(b). The court did not abuse its discretion by excluding her as an expert witness.[1]

### 3. AFFIDAVIT OF MERIT

Finally, plaintiff argues that the trial court abused its discretion by denying her motion for an extension to submit a new affidavit of merit, with a new expert witness, to cure the defects in Flynn's testimony. However, summary disposition was not granted because of any deficiencies in the affidavit of merit. Instead, it was granted because (1) plaintiff's claim sounded in medical malpractice and (2) plaintiff's standard-of-care witness—Flynn—was not qualified to testify as an expert. As a result, amendment of the affidavit would neither affect nor undermine the rationale or the basis upon which summary disposition was granted. See *Cox v Hartman*, 322 Mich App 292, 316-317; 911 NW2d 219 (2017). The request to amend, therefore, was futile given that the claim was properly dismissed under MCR 2.116(C)(10). On this record, given that the motion to submit a new affidavit of merit was made after the court determined that summary disposition was warranted, we conclude that the trial court did not abuse its discretion by denying plaintiff's motion.

Affirmed. Defendant may tax costs as the prevailing party. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[1] Given our resolution, we do not address plaintiff's argument that the court also erred by determining that Flynn's testimony would be insufficient to establish the standard of care.