*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT VANHOVE, II, as Trustee of the
ROBERT VANHOVE, II REVOCABLE TRUST,

      Plaintiff-Appellant,

v

AUSABLE RIVER ESTATES ASSOCIATION,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

PORATH CONTRACTORS, INC,

      Third-Party Defendant.

UNPUBLISHED
October 21, 2024
12:11 PM

No. 363905
Roscommon Circuit Court
LC No. 18-724218-CH

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

Plaintiff, Robert Vanhove, II, as Trustee of the Robert Vanhove, II Revocable Trust, appeals the trial court's order dismissing his third amended complaint entirely, as well as the order which dismissed several claims contained in his first amended complaint. As to plaintiff's third amended complaint, the trial court dismissed Count I (violation of public trust), Count II (violation of Michigan Environmental Protection Act (MEPA), MCL 324.1701 *et seq.*), and Count IV (quiet title) pursuant MCR 2.116(C)(8) for failure to state a claim, and dismissed Count III (public nuisance) pursuant to MCR 2.116(C)(7) as time barred by the applicable statute of limitations. Previously, of the claims brought in plaintiff's first amended complaint, the trial court dismissed Count I (interference with navigational rights), Count II (private nuisance), Count III (interference

-1-

with riparian rights), and Count VI (trespass) on statute-of-limitations grounds pursuant to MCR 2.116(C)(7).[1] Plaintiff appeals both orders as of right. We affirm.

## I. FACTUAL BACKGROUND

According to his third amended complaint, plaintiff is the owner of two lots in AuSable River Park, a platted subdivision in Roscommon County. Plaintiff's lots are on the south branch of the AuSable River, which flows out of Lake St. Helen and travels through the subdivision. The lots are situated on the north bank of the river, separated from the water by a strip of land identified on the plat as "Waterway Park." A total of nine subdivision lots—including both of plaintiff's— are situated upstream from a dam and downstream from the Oak Road Bridge, where Oak Road crosses the river. Plaintiff alleges that, prior to 2013, he could travel upstream from his lots in "various forms of watercraft," under the Oak Road Bridge, and on to Lake St. Helen.

According to the third amended complaint, defendant AuSable River Association is an "unincorporated voluntary association" composed of members who own property on the southwest side of the AuSable River. Members of the Association access their properties on the southwest side of the south branch of the river by crossing the Oak Road Bridge. Oak Road and the Oak Road Bridge were constructed by the developers of the plat and those business entities no longer exist. The bridge is "not under the jurisdiction of any government entity, including the Roscommon County Road Commission."

In 2012, defendant applied for a permit from the Michigan Department of Environmental Quality (MDEQ) to reconstruct the Oak Road Bridge. MDEQ granted the permit to "[r]eplace existing bridge with a 22ft clear span bridge[,] [e]xcavate up to 50 cubic yards of existing road fill[, and place] up to 5 cubic yard of stone riprap at base of abutments." It is undisputed that reconstruction of the bridge was completed in 2013. In his third amended complaint, plaintiff alleges that defendant, in facilitating reconstruction of the bridge, violated the terms of the permit and constructed a bridge that is too low, preventing him from navigating under the bridge as he used to. He also alleges that debris was left on the river bottom, reducing the depth of navigable water.

Plaintiff filed his initial complaint on October 5, 2018 and subsequently amended the complaint as of right. The trial court dismissed the first amended complaint pursuant to MCR 2.116(C)(5), (7), and (8) but permitted plaintiff to file another amended complaint. The trial court

---

[1] The trial court also dismissed Count V (public nuisance) and Count IV (Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq*.) of plaintiff's first amended complaint but permitted plaintiff to amend the complaint with regard to those claims. Plaintiff's NREPA claim became Count II of the third amended complaint, alleging violation of MEPA, and Count V of the first amended complaint became Count III of the third amended complaint, alleging public nuisance. The trial court also dismissed defendant's claim against third-party defendant Porath Contractors, Inc, pursuant to stipulation by those parties. Porath Contractors, Inc is not a party to this appeal.

then dismissed plaintiff's third amended complaint[2] pursuant to MCR 2.116(C)(7) and (8). This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *Terlecki v Stewart*, 278 Mich App 644, 649; 754 NW2d 899 (2008). Summary disposition is proper when a claim is barred by the statute of limitations. *Id*. When considering a motion under MCR 2.116(C)(7), the court must accept all well-pleaded factual allegations as true unless other evidence contradicts them. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). The court must consider the affidavits, pleadings, depositions, and other documentary evidence, if any, and determine whether a genuine issue of material fact exists. *Id*. at 429. If there are no questions of fact, whether a claim is time barred is an issue of law. *Id*.

Summary disposition pursuant to MCR 2.116(C)(8) is also reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(8) is appropriate where the nonmoving party has failed to state a claim on which relief can be granted. *Kuznar v Raksha Co*, 481 Mich 169, 176; 750 NW2d 121 (2008). When deciding a motion brought under MCR 2.116(C)(8), the court considers the pleadings alone, accepts the factual allegations in the complaint as true, and construes them in the light most favorable to the nonmoving party. *Id*. Conclusory statements that are unsupported by allegations of fact on which they may be based, however, will not suffice to state a cause of action. *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014).

## III. CLAIM ACCRUAL

The trial court dismissed plaintiff's claims for interference with navigational rights, interference with riparian rights, private nuisance, public nuisance, and trespass on statute-of-limitations grounds pursuant to MCR 2.116(C)(7). The trial court determined that each of the claims alleged an injury to property and was therefore subject to the three-year statute of limitations found in MCL 600.5805(2), a conclusion which plaintiff does not challenge on appeal. The question before this Court is when plaintiff's claims accrued. We agree with the trial court that each of the claims at issue accrued in 2013 and were therefore time barred when plaintiff initiated this action in 2018.

A plaintiff shall not bring an action to recover damages for injury to property unless, after the claim first accrued to the plaintiff, the action is commenced within the limitations period. MCL 600.5805(1). For all actions to recover damages for injury to property, the period of limitations is three years after the injury. MCL 600.5805(2). The limitations period runs from the time the claim accrues, MCL 600.5827, which occurs "when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Sunrise Resort Ass'n, Inc v Cheboygan Co Road Comm*, 511 Mich 325, 336; 999 NW2d 423 (2023) (quotation marks and citation omitted). "Later damages may result, but they give rise to no new cause of action, nor does the statute of

---

[2] Plaintiff's second amended complaint, which was stricken, is not relevant to this appeal.

limitations begin to run anew as each item of damage is incurred." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 290; 769 NW2d 234 (2009). "Accrual occurs when the wrong is done, meaning the moment when the plaintiff is harmed rather than when the defendant acted." *Sunrise Resort Ass'n*, 511 Mich at 336. Courts "look to plaintiff's complaint to determine when the wrong upon which the claim is based was done." *Fraser Twp v Haney*, 509 Mich 18, 24; 983 NW2d 309 (2022).

We find that all of the aforementioned claims are based on the harm allegedly incurred by plaintiff as a result of reconstruction of the Oak Road Bridge in 2013 and that, for each of the claims, plaintiff was first harmed by that action in 2013. In his interference-with-navigational-rights claim, the harm alleged by plaintiff is the "loss of navigational rights . . . since 2013," stemming from the reconstruction of the bridge which allegedly "prevented [plaintiff] from exercising his navigational rights." In support of his private-nuisance and interference-with-riparian-rights claims, plaintiff alleges that defendant, through reconstruction of the bridge, has deprived plaintiff of his riparian rights "since 2013." Likewise, plaintiff's trespass claim is based on defendant's alleged "unauthorized intrusion and encroachment in the riparian line of navigability" through reconstruction of the bridge in 2013. And plaintiff's public-nuisance claim is based on the alleged violation of administrative rules and statutes which set clearance standards for bridges and which plaintiff alleges were violated in 2013 when defendant completed reconstruction of the Oak Road Bridge. All of the elements of these claims occurred and could have been alleged in a proper complaint as of 2013. *Sunrise Resort Ass'n, Inc*, 511 Mich at 336. Because these claims accrued in 2013, they are time barred by the three-year statute of limitations set forth in MCL 600.5805(2).

Plaintiff, relying on *Haney*, 509 Mich 18, argues that the continued existence of the reconstructed bridge constitutes an "ongoing tort" which has given rise to a new and separate claim each day, and therefore his claims are not fully time barred. Plaintiff's reliance on *Haney*, however, is misplaced. In *Haney*, the defendants raised pigs on a property zoned for commercial use. *Id*. at 20-21. The plaintiffs alleged that the piggery was a zoning violation and a nuisance per se, and sought an injunction. *Id*. at 21. The defendants argued the action was time barred because the plaintiffs first brought pigs on the property years before the applicable six-year statute of limitations. *Id*. at 24-25. The Supreme Court rejected this argument, explaining that the alleged wrong was the defendants' use of their property to raise hogs, and that such use occurred—and constituted a violation of the specific zoning ordinance—every day that the defendants operated their piggery. *Id*. at 25-26. While the defendants' first such violation occurred outside of the applicable limitations period, the plaintiff's "failure to timely sue on the first violation in a series does not grant a defendant immunity to keep committing wrongful acts of the same nature." *Id*. at 28. Rather, "[a] plaintiff is free to bring a new action each time a defendant commits a new violation." *Id*. at 28-29.

Unlike *Haney*, this case does not involve a series of multiple violations, each of which would constitute its own actionable harm. Rather, this case involves a single act by defendant—the reconstruction of the bridge—for which plaintiff alleges he has suffered ongoing harm. *Haney* does not stand for the proposition that the statute of limitations for that act continues to run for however long the alleged harm from it is ongoing. While a new cause of action can arise from the repetition of a wrongful act, that still requires repetition of wrongful conduct, not simply continued harm suffered from a past act. See, e.g., *id*. at 27-29 & n 25 (explaining that the "[d]efendants'

use of the property to raise hogs was not a one-time occurrence that happened in 2006," but that the defendants were committing a new wrongful act—i.e., a "similar" yet "distinctly separate transaction[]"—every day they allegedly operated their piggery) (quotation marks and citation omitted); *Sunrise Resort Ass'n, Inc*, 511 Mich at 336-340 (concluding that the plaintiffs' claim under the sewer-disposal-system-event exception to governmental immunity was timely because, even though problems with the defendant's system began outside of the limitations period, the particular event at issue occurred within that period and each such event "may give rise to an independent cause of action"); *Dep't of Env't Quality v Gomez,* 318 Mich App 1, 28; 896 NW2d 39 (2016) (finding that because the defendants violated the statute each time they deposited fill materials in the wetland, the plaintiff could bring cause of action for deposits that occurred within the limitations period, but not for initial deposits which occurred outside of the limitations period). Plaintiff alleges only ongoing harms as a result of a single act—the reconstruction of the Oak Road Bridge in 2013. As this Court has explained, "[l]ater damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred." *Marilyn Froling*, 283 Mich App at 290.[3]

Accordingly, the trial court properly dismissed plaintiff's claims for interference with navigational rights, interference with riparian rights, private nuisance, public nuisance, and trespass on statute-of-limitations grounds under MCR 2.116(C)(7).

## IV.  QUIET TITLE

Count IV of plaintiff's third amended complaint asserted an action to quiet title and sought injunctive and declaratory relief. Like the trial court, we find it difficult to discern plaintiff's theory with regard to this claim and the relief he is seeking. MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit court against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Plaintiff conceded below that his quiet-title claim is not an action to determine which party has title or the right of possession regarding any land. Nor does plaintiff identify any interest claimed by defendant which is inconsistent with any interest claimed by plaintiff. We thus agree with the

---

[3] In his complaints, plaintiff makes a bald and passing reference to defendant's "maintenance" of the bridge in its reconstructed form. To the extent plaintiff seeks to avoid the three-year statute of limitations by relying on defendant's alleged "maintenance" of the bridge after 2013, this argument fails. There are no factual allegations whatsoever, in either complaint, regarding conduct by defendant that occurred after 2013 or related to maintenance of the bridge. "[C]onclusory statements that are unsupported by allegations of fact on which they may be based will not suffice to state a cause of action." *State ex rel Gurganus*, 496 Mich at 63.

trial court's conclusion that plaintiff has failed to state a quiet-title claim, and that dismissal was correspondingly warranted under MCR 2.116(C)(8).

Plaintiff characterizes his claim as one of ejectment or abatement relating to defendant's ongoing trespass and interference with plaintiff's use and enjoyment of his property and property interests. Plaintiff argues that reconstruction of the Oak Road Bridge constitutes a trespass and interference with plaintiff's easement interests and seeks a declaratory judgment. But in substance, this is simply a recasting of plaintiff's time-barred claims under the label of a quiet-title claim (and its more accommodating limitations period[4]). It is well established that a court is not bound by the label a party assigns to its claims; rather, the court must consider the gravamen of the suit based on a reading of the complaint as a whole. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 228-229; 859 NW2d 723 (2014). And a plaintiff cannot avoid the statute of limitations through "artful pleading." *Maiden*, 461 Mich at 135. Plaintiff concedes that his claim seeks equitable relief for defendant's alleged ongoing trespass and ongoing interference with his use and enjoyment of his rights related to navigating the river. The "gravamen" of this claim is thus for trespass, nuisance, and interference with his riparian and navigational rights. As already discussed, each of those claims is barred by the applicable three-year statute of limitations. Nor does it make any difference here that, through his quiet-title claim, plaintiff seeks only equitable relief for those claims, because their limitations period does not hinge on the type of relief sought. *Gomez,* 318 Mich App at 23; see also MCL 600.5815 ("The prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought."). We see no reversible error in the trial court's dismissal of this claim.

## V. PUBLIC TRUST AND MEPA CLAIMS

Lastly, we likewise conclude that the trial court did not reversibly err by dismissing under MCR 2.116(C)(8) Counts I and II of plaintiff's third amended complaint, which claimed violations of the public trust and of MEPA, respectively.

The "public trust doctrine" recognizes that Michigan's "navigable waters" are "natural resources and thoroughfares that belong to the public," and the state "acts as trustee of public rights in these natural resources." *Glass v Goeckel*, 473 Mich 667, 673-674; 703 NW2d 58 (2005). "Our courts have traditionally articulated rights protected by the public-trust doctrine as fishing, hunting, and navigation for commerce or pleasure." *Id*. at 695. Relatedly, MEPA provides, in pertinent part:

> The attorney general or any person may maintain an action in the circuit court having jurisdiction where the alleged violation occurred or is likely to occur for declaratory and equitable relief against any person for the protection of the air, water, and other natural resources and the public trust in these resources from pollution, impairment, or destruction. [MCL 324.1701(1).]

---

[4] A quiet-title claim is subject to a 15-year statute of limitations. *Everson v Williams*, 328 Mich App 383, 388-389; 937 NW2d 697 (2019), citing MCL 600.5801(4).

Similar to plaintiff's quiet-title claim, Count I of plaintiff's complaint, though labeled "violation of public trust," largely comprises allegations sounding in plaintiff's other, time-barred claims—in particular, the bridge's alleged interference with and impairment of his private rights as a riparian property owner. Such alleged private rights are distinct from (and are in fact themselves subject to) the public interests protected by the public trust doctrine,[5] and plaintiff cannot avoid the untimeliness of their assertion in this case simply by placing them under a "public trust" heading. *Maiden*, 461 Mich at 135; *Stephens*, 307 Mich App at 228-229. And what statements the complaint does include regarding impairment of the public's rights are too conclusory and lacking in supportive factual allegations to conclude that plaintiff has articulated a viable claim for relief on their basis. *State ex rel Gurganus*, 496 Mich at 63. Accordingly, we find no reversible error in the trial court's conclusion that the facts as alleged by plaintiff were insufficient to state a claim for violation of the public trust in this case and that dismissal under MCR 2.116(C)(8) was warranted.

The same holds true for plaintiff's MEPA claim. As with his other claims, plaintiff's MEPA claim is based on the alleged impairment of his ability to navigate under the Oak Road Bridge in certain watercraft. Plaintiff does not seek relief based on (nor has he plausibly alleged) any connection between the reduction in the scope of his recreational options on the river and any threat to natural resources themselves. Instead, plaintiff stresses that MEPA also protects against impairment of "the public trust in these resources." MCL 324.1701(1). As discussed, however, his allegations to that effect are inadequate. Accordingly, we do not see reversible error in the trial court's dismissal of this claim, either.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani

---

[5] See, e.g., *Collins v Gerhardt*, 237 Mich 38, 45-49; 211 NW 115 (1926); *Holton v Ward*, 303 Mich App 718, 725-726; 847 NW2d 1 (2014).