*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WESLEY CARL ALEXANDER,

        Plaintiff-Appellant,

v

CYNTHIA ELIZABETH KNUDSON,

        Defendant-Appellee.

UNPUBLISHED
July 18, 2025
9:25 AM

No. 371900
Gladwin Circuit Court
LC No. 22-011303-DO

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Wesley Carl Alexander, hereinafter plaintiff, appeals as of right the trial court's divorce judgment insofar as it ordered him to pay monthly spousal support to Cynthia Elizabeth Knudson, hereinafter defendant, as provided in the parties' earlier judgment of separate maintenance. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The parties married on February 14, 2010, and separated in 2017. After filing for a divorce, defendant and plaintiff thereafter entered into an agreement for separate maintenance, in December 2017, which provided, in relevant part:

> **JUDGMENT OF SEPARATE MAINTENANCE**
>
> IT IS ORDERED AND ADJUDGED that a Judgment of Separate Maintenance between the above parties is entered. The entry of a Judgment of Separate Maintenance is based on the agreement of the parties that the parties desire to be separately maintained from the marital estate.
>
> IT IS FURTHER ORDERED AND ADJUDGED that the provisions for spousal support and property division contained herein shall merge into any Judgment of Divorce if a divorce action is filed or if the Court consents to setting aside the Judgment of Separate Maintenance and the entry of a Judgment of Divorce other than the incremental cost to [wife] to obtain health insurance in the

-1-

event a Judgment of Divorce would enter. The parties may not re-litigate these issues in the event either party files a divorce or a motion seeking to set aside the Judgment of Separate Maintenance other than the incremental cost to [wife] to obtain health insurance in the event a Judgment of Divorce would enter.

* * *

## FINALITY OF PROPERTY DIVISION

This Judgment of Separate Maintenance is determinative of all property issues between the parties, regardless of the further filing of a Complaint for Divorce. Each party will hereafter hold any such property awarded them within this judgment and any subsequently acquired property free and clear of any claim of the other . . . .

## SPOUSAL SUPPORT

IT IS FURTHER ORDERED AND ADJUDGED that [husband] shall pay to [wife] spousal support in the amount of $2,805 per month commencing the 1st of the month after the entry of this Judgment of Divorce [sic]plus one half of any subsequent cost of living increase which [husband] shall receive in the future which shall be commenced the 1st of the month following the entry of the Judgment of Separate Maintenance. It is the finding of the Court that it is the intention of the parties and the agreement of the parties that [husband] shall pay [wife] one half of the after tax payment representing [husband's] pension received from the Office of Personal Management-Federal Retirement of $39,456.00 annually and from the Virginia Retirement System of $35,425.50 annually.[1]

IT IS FURTHER ORDERED AND ADJUDGED that the spousal support payments paid from [husband] to [wife] shall not be deductible to [husband] and shall not be taxable income to [wife] as the amount of the monthly payment is found to have been negotiated between the parties based upon [husband's] net payment each month. In the event that the payments to [wife] shall be determined by any taxing authority to be taxable that the amount of the payment shall be revisited to account for the tax burden incurred by [wife].

IT IS FURTHER ORDERED AND ADJUDGED that additional spousal support may be ordered if [wife] is required to obtain health insurance which requires the payment of a premium as a result of the entry of a Judgment of Divorce or otherwise.

IT IS FURTHER ORDERED AND ADJUDGED that spousal support provided for herein shall be non-modifiable other than the possible increase in spousal support to cover the incremental cost of obtaining health insurance as set

---

[1] The judgment recognized plaintiff's pensions as his sole property.

forth in the preceding paragraph and any additional cost of living as provided for otherwise in this Judgment of Separate Maintenance.

> IT IS FURTHER ORDERED AND ADJUDGED that the payments as provided for herein shall terminate at remarriage of [wife] or the death of the Plaintiff or the Defendant.

> IT IS FURTHER ORDERED AND ADJUDGED that there shall be no spousal support paid from [wife] to [husband] and spousal support from [wife] to [husband] shall be forever barred.

> IT IS FURTHER ORDERED AND ADJUDGED that it is the intention of [husband] that the aforesaid alimony/spousal support provision shall be final, binding and non-modifiable. [Husband] hereto acknowledges that he has been advised of MCL 552.28, which provides among other things, that after the entry of a Judgment of Divorce which provides for alimony/spousal support or other allowance, either party may petition the Court from time to time to ask the Court to "*revise and alter such judgment, respecting the amount of such alimony/spousal support or allowance and the payment thereof; and may make any judgment respecting any of the matters which the court might have made in the original suit.*" Understanding clearly MCL 552.28, [husband] does hereby forgo his statutory right under MCL 552.28 to petition the Court to modify in any way, the aforestated alimony/spousal support provision and said provision is final, binding, unambiguous and non-modifiable in any way. (emphasis in original).

On April 5, 2022, more than four years later, plaintiff filed a complaint for divorce. He asked the trial court to equitably divide the parties' property, and to decide anew the issue of spousal support. Defendant answered, asking the trial court to incorporate into the divorce judgment the spousal-support and property-division provisions within the 2017 consent judgment of separate maintenance, as the parties had agreed. She also asked the court to increase her support to cover her incremental cost of health insurance resulting from the divorce, as their consent judgment permitted.

Plaintiff responded that, in this subsequent divorce action, the trial court was required, under MCL 552.23(1), to determine a just and reasonable spousal-support award. According to plaintiff, the parties' previous agreement regarding spousal support did "not preclude the trial court from its obligations under MCL 552.23 to find the terms of periodic spousal support to be 'just and reasonable.' "

After a bench trial, in September 2023, the trial court granted the parties a divorce "with the provisions as set forth in the separate maintenance agreement." The resultant judgment of divorce incorporated the 2017 consent judgment's spousal-support provision, while increasing defendant's monthly spousal support to $3,323, apparently reflecting a cost-of-living adjustment, as the parties had agreed. Plaintiff appeals.

## II. STANDARDS OF REVIEW

An appellate court "review[s] decisions on motions for summary disposition de novo." *Kuznar v Raksha Corp*, 481 Mich 169, 175; 750 NW2d 121 (2008).

> Summary disposition is proper under MCR 2.116(C)(8) if the nonmoving party has "failed to state a claim on which relief can be granted." Such claims must be so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. In reviewing the outcome of a motion under MCR 2.116(C)(8), we consider the pleadings alone. We accept the factual allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. [*Kuznar*, 481 Mich at 176 (quotation marks and citations omitted).]

This Court reviews issues of law de novo. *Aguirre v Dep't of Corrections*, 307 Mich App 315, 320; 859 NW2d 267 (2014). This includes "the interpretation and application of statutes." *In re Ott*, 344 Mich App 723, 735; 2 NW3d 120 (2022).

Further, this Court reviews the construction and application of a contract de novo. *Smith v Smith*, 328 Mich App 279, 283; 936 NW2d 716 (2019). "A consent judgment is in the nature of a contract, and if no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written." *Id*. at 285 (quotation marks, citation, and alterations omitted).

"The award of spousal support is within the discretion of the trial court." *Ewald v Ewald*, 292 Mich App 706, 722; 810 NW2d 396 (2011). "The trial court's underlying factual findings are reviewed for clear error." *Id*. at 723. "A reviewing court may determine a finding is clearly erroneous only when, on the basis of all the evidence, it is left with a definite and firm conviction that a mistake has been made." *Id*.

### III. ANALYSIS

Plaintiff contends that the trial court made an error by granting defendant's motion for summary disposition and incorporating the spousal support provision from the 2017 consent judgment into the divorce judgment. Plaintiff argues that, pursuant to MCL 552.23(1), the court was required to establish spousal support anew within the context of this divorce proceeding.

"A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy." *Allard v Allard (On Remand)*, 318 Mich App 583, 596; 899 NW2d 420 (2017) (citations omitted). See also MCL 552.12 (divorce actions "shall be conducted in the same manner as other suits in the courts of equity; and the court shall have the power to award issues, to decree costs, and to enforce decrees, as in other cases"). In an action for a divorce or a legal separation, the court has the authority to order spousal support for the suitable maintenance of the adverse party, MCL 552.13; MCL 552.23(1), and to divide the parties' marital property, MCL 552.19.

MCL 552.23(1) provides as follows:

Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage who are committed to the care and custody of either party, the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

MCL 552.23(1) reflects that, "in divorce actions, a division of property must be equitable in light of the particular facts." *Allard*, 318 Mich App at 597-598 (quotation marks, citation, and ellipses omitted). Accordingly, the trial court possesses the "equitable discretion to invade separate assets if doing so is necessary to achieve equity." *Id*. at 601.

Consistent with the trial court's equitable authority, MCL 552.28 "generally authorizes a court to modify an award of spousal support, and it provides a statutory right to litigants to seek modification of spousal support." *Smith*, 328 Mich App at 283. MCL 552.28 provides as follows:

On petition of either party, after a judgment for alimony or other allowance for either party . . . the court may revise and alter the judgment, respecting the amount or payment of the alimony or allowance, . . . and may make any judgment respecting any of the matters that the court might have made in the original action.

Thus, MCL 552.28 "provides an important statutory exception to the standard final judgment rule," according to which "settlements and judgments are binding and final." *Staple*, 241 Mich App at, 572.

Another "bedrock principle" of Michigan jurisprudence is that "the fundamental right to contract must be protected by allowing parties to contract freely and by enforcing contractual agreements." *Allard*, 318 Mich App at 596. This Court has recognized that "[a] long line of case-law reflects that divorcing parties may create enforceable contracts." *Rose v Rose*, 289 Mich App 45, 59; 795 NW2d 611 (2010) (quotation marks and citation omitted). In general, settlements and judgments, including consent judgments in divorce proceedings, are final and binding, and relitigation of matters already decided and reduced to a judgment is precluded. *Staple*, 241 Mich App at 564, 572. Indeed, "It is a well-settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress" impairing the ability to consent. *Vittiglio v Vittiglio*, 297 Mich App 391, 400; 824 NW2d 591 (2012) (quotation marks and citation omitted). Accordingly, "Courts must uphold divorce property settlements reached through negotiation and agreement of the parties." *Id*. at 399. "[O]nce a settlement agreement is reached a party cannot disavow it merely because she has had a change of heart." *Id*. (quotation marks, citation, and alteration omitted).

"The principle of finality, however, does not apply to settlements of alimony . . . ." *Staple*, 241 Mich App at 572-573. MCL 552.28 allows a party to seek modification of spousal support even after entry of a judgment. Even so, "the statutory right to seek modification of alimony may

be waived by the parties where they specifically forgo their statutory right to petition the court for modification and agree that the alimony provision is final, binding, and nonmodifiable." *Staple*, 241 Mich App at 578. In *Staple*, this Court held:

> [W]e adopt a modified approach that allows the parties to a divorce settlement to clearly express their intent to forgo their statutory right to petition for modification of an agreed-upon alimony provision, and to clearly express their intent that the alimony provision is final, binding, and thus nonmodifiable. Of course, MCL 552.28 creates a statutory right in either party to seek modification of alimony. However, like many other statutory and constitutional rights, parties may waive their rights under MCL 552.28. If the parties to a divorce agree to waive the right to petition for modification of alimony, and agree that the alimony provision is binding and nonmodifiable, and this agreement is contained in the judgment of divorce, their agreement will constitute a binding waiver of rights under MCL 552.28. In brief, we opt to honor the parties' clearly expressed intention to forgo the right to seek modification and to agree to finality and nonmodifiability. [*Staple*, 241 Mich App at 568-569 (parallel statutory citations omitted).]

In *Rose*, 289 Mich App at 49-50 this Court held:

> In *Staple v. Staple,* 241 Mich App 562, 574, 616 NW2d 219 (2000), a special conflict panel of this Court considered whether parties to a divorce judgment may voluntarily relinquish their statutory right to seek modification of a spousal-support agreement "and instead stipulate that their agreement regarding alimony is final, binding, and nonmodifiable[.]" The Court in *Staple* answered this question affirmatively, holding that if divorcing parties negotiate a settlement in which they clearly and unambiguously forgo their statutory right to petition for modification of spousal support, courts must enforce their agreement. *Id.* at 564, 581, 616 NW2d 219.

In *Staple*, this Court held that, "[t]o be enforceable, agreements to waive the statutory right to petition the court for modification of alimony must clearly and unambiguously set forth that the parties (1) forgo their statutory right to petition the court for modification and (2) agree that the alimony provision is final, binding, and nonmodifiable." *Staple*, 241 Mich App at 581

Contrary to our holdings in *Staple* and *Rose*, here, plaintiff contends that the trial court was required to reassess the issue of spousal support, a position that lacks support from both statutory provisions and existing caselaw. Had the trial court revisited this matter, it would have undermined the previously established consent judgment between the parties. The terms of the consent judgment explicitly stated that spousal support was nonmodifiable, that the issue of spousal support was not open for relitigation in the event of divorce, and that the provisions regarding spousal support would merge into the divorce decree. This clearly reflects the parties' intent for the spousal support obligation to persist and bind them post-divorce. Moreover, plaintiff does not contest that he voluntarily entered into the consent judgment for separate maintenance, which set forth a clear property division and established spousal support according to mutual agreement, with provisions designated to continue in the event of divorce. Given the clear and unequivocal

language of the agreement, it cannot reasonably be argued that the incorporation of the spousal support terms into the divorce judgment contradicts the stated intentions of the parties.

Finally, we observe that the cases cited by plaintiff in search of a different outcome are inapplicable, as none address a precedent in which a party to a divorce or separate maintenance proceeding effectively waived their right to a judicial reassessment of equitable spousal support, yet the trial court subsequently disregarded that waiver and considered the spousal support issue anew. Furthermore, contrary to plaintiff's arguments, our jurisprudence does not require a trial court to reevaluate spousal support once a proper waiver has been established. See *Rose*, 289 Mich App at 50, 60. Therefore, we conclude that plaintiff's clear and unequivocal agreement to binding, final, and nonmodifiable spousal support is consistent with public policy and is enforceable as written. See *Rose*, 289 Mich App at 49-50; *Staple*, 241 Mich App at 578-580.

Affirmed. Defendant having prevailed is entitled to costs. MCR 7.219(A).

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica